## (November 14, 1974)

■ SANDRA RAKOWSKI, as Parent and Natural Guardian of LAURA RAKOW-SKI, an Infant, et al., Appellants, v. GEORGE W. IRMISCH et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered February 22, 1974 in Schenectady County, which granted defendants' motion and directed plaintiffs to submit to physical examinations by defendants' medical representative at Schenectady, New York, on or about June 1, 1974, and which denied plaintiffs' motion requesting that the physical examinations be conducted in Florida. Plaintiff, Sandra Rakowski, and her infant daughter were injured in an automobile accident near Cobleskill, New York on February 10, 1971. Derivative actions by Henry Rakowski, husband of Sandra and father of Laura, and personal injury actions for Sandra and Laura were commenced in the Supreme Court, Schenectady County, New York, even though all three plaintiffs were residents of the State of Florida. The personal injury actions alleged a multitude of injuries, all of which are permanent, according to the verified bill of particulars of November 12, 1973. We agree with Special Term. All concede that defendants are entitled to a physical examination of the plaintiffs, as provided for in CPLR 3121. However, in resisting the holding of the examination in this State, plaintiffs seek protection under CPLR 3103. Such relief is unavailable because the defendants' request for a physical examination is not an unreasonable annoyance, nor does it unreasonably impose an unnecessary expense upon the plaintiffs in the light of the injuries and the permanency alleged. In addition, plaintiffs conveniently overlook the fact that they selected the forum. While the " eve of trial " rule (see *Marine Midland Nat. Bank of Troy* v. *Houston*, 30 A D 2d 610) sometimes provides a means of protection for the interests of all concerned, its application here would obviously unduly prejudice the defendants because of the many and varied injuries alleged, all of which are claimed to be permanent. Order modified, on the law and the facts, and the matter remitted to Special Term for establishment of a date prior to which plaintiffs must appear for physical examinations, and, as so modified, affirmed, with costs to defendants. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.