OPINION OF THE COURT
Howard A. Zeller, J.
Defendant Loblaw, Inc., moves for an order under CPLR *1057 3121 and CPLR 3124 compelling plaintiff to appear for a physical examination.
Plaintiff, Marie Miller, brought this action in Chemung County where she resides, and alleges that while shopping in New York City on May 29, 1976 she was injured by a fall in a parking lot. The premises are leased by defendant Loblaw, Inc., from defendant Pasyl Corp. Plaintiff alleges defendants negligently allowed the parking lot to deteriorate and failed to warn pedestrians of the danger. Loblaw’s counsel advised plaintiff’s counsel that a physical examination for plaintiff had been scheduled in Ithaca. Plaintiff’s counsel replied that he customarily attended physical examinations with clients and expected to be paid for attending an examination outside of Elmira, where his office is located. Counsel for each defendant refused to make such payment. Loblaw seeks an order compelling plaintiff to appear before Bruce Stewart, M.D., in Ithaca for a physical examination at a date and time acceptable to Dr. Stewart.
Where should plaintiff be examined, and who should pay for her counsel’s traveling expenses and time? The court has found no authority on point, but fruitful comparisons can be drawn with other statutes and jurisdictions. CPLR 3121 establishes the procedure for physical examinations and does not specify the place of examination. This may be contrasted with the restrictions on depositions, which must be taken in the county where the action is pending, or where the party resides or transacts business. (CPLR 3110, subd 1.)
Two courts have required plaintiffs to travel some distance to be examined in the county where the action is pending. In Rakowski v Irmisch (46 AD2d 826), plaintiffs resided in Florida but were injured in Schenectady County, New York, and brought suit there. The court ordered plaintiffs to appear in Schenectady for a physical examination because the request did not impose an unreasonable burden or annoyance, given the seriousness of the case. In Klusko v Gaines-Murfit Chevrolet (16 Pa D & C 2d 86) the court ordered plaintiff to travel approximately 75 miles to be examined in the county where the action was pending, and denied a request to require defendant to pay for plaintiff’s traveling expenses.
Rakowski and Klusko involved examinations in counties where the actions were pending, whereas here the proposd examination is in an adjoining county. However, these cases do point the way to the principles which will be applied here: *1058 is the distance to, and expense of attending, the examination reasonable in light of the particular facts of this case? The distance from Elmira to Ithaca is about 33 miles, and the driving time is approximately 45 minutes. Plaintiffs counsel states "scheduling of examinations in far distant cities places an undue burden on plaintiffs [sic] attorneys”. Ithaca is not considered a "far distant city” from Elmira. Plaintiffs counsel avers that plaintiff "is a woman approximately 73 years of age, seriously injured, does not drive a car, and does not have any means of obtaining transportation to Ithaca.” However, these factors would cause her some inconvenience in attending an examination in Elmira. Plaintiffs counsel states that in workers’ compensation cases the carrier is not permitted by the referee to schedule physical examinations in cities other than Elmira unless the carrier is unable to obtain a physician in Chemung County; that when an examination is scheduled in another city the claimant and his attorney are compensated for attendance. The practice of the Workers’ Compensation Board in Elmira is of little significance in deciding the motion in this action which is pending in State Supreme Court. Finally, the recovery of plaintiffs travel expenses at this time is premature, and may be sought when and if costs are taxed to defendants after judgment. Under the circumstances revealed on this motion, defendants are not obligated to pay the expenses or any fee to plaintiff’s attorney if he deems it necessary to attend the physical examination.
Plaintiff is directed to appear before Bruce Stewart, M.D. in Ithaca for a physical examination prior to a date to be fixed in the order.