OPINION OF THE COURT
Robert F. Julian, J.
*590 The plaintiff attended an independent medical examination (IME) at the behest of the defendant in Onondaga County, not Oneida County where the action is venued. Plaintiffs attorney attended the examination as is customary and appropriate. Plaintiffs counsel now seeks compensation for his time in attending an examination in a remote county.
As noted in Miller v Loblaw, Inc. (96 Misc 2d 1056 [1978]), the statute which provides for such examination, CPLR 3121, does not specify the place of examination or that it shall be in the county in which the action is pending. In Miller (supra), it was held that such examinations could indeed be held in a different county (in that case, the examination was held at a doctor’s office in Tompkins County, while the action was venued in Chemung County), and that plaintiffs counsel would not be compensated for his time in attending the examination.
In addition to the precedent of Miller, the court further declines to award a fee for appearance to plaintiffs counsel on the basis of 22 NYCRR 1022.31. This rule of the Appellate Division, Fourth Department, limits attorneys’ fees in contingency matters to one third of the net recovery. Assuming that plaintiffs counsel in this case has the usual contingency fee agreement with his client, any amount paid as a fee for attendance at the IME would in any case have to be deducted from counsel’s ultimate one-third fee in order to satisfy the rule. In effect, therefore, a fee award here would go to the client (reducing the amount of fee payable at the conclusion of the litigation), or the rule would be violated. But since the client is required by statute to attend the medical examination, this would, in effect, compensate the client for performing an obligation the client already has as a litigant who brought suit alleging personal injury.
The prevailing party is directed to prepare an order on notice to adverse parties. Upon objection to the form of the order, the prevailing party shall make a motion to settle the order on notice.
The court has not and shall not file or serve this decision or any order based hereon or contained herein; the proper party is hereby directed to do so, and serve all other parties.