■ VILLAGE BOARD OF THE VILLAGE OF PLEASANTVILLE et al., Appellants, v MARSHALL RATTNER et al., Respondents. PLANNING COMMISSION OF THE VILLAGE OF PLEASANTVILLE, Defendant Cross-Claim Defendant-Appellant; RICHARD KERSTEN et al., Counterclaim Defendants-Appellants.—In an action, inter alia, for a judgment declaring that the parking and maintenance of limousines at 409 Manville Road violates the zoning ordinance of the Village of Pleasantville, the plaintiffs, the defendant cross-claim defendant and the counterclaim defendants appeal from an order of the Supreme Court, Westchester County (Palella, J.), entered August 6, 1986, which granted the defendants respondents' application for disclosure of certain documents labeled C001 through C239.

Ordered that the order is affirmed, with costs, and the disclosure of the documents in question to the defendants respondents shall take place at the office of the plaintiffs' counsel within 20 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry.

In this matter, the defendants respondents have alleged that the village parties have violated their State and Federal civil rights by, *inter alia,* engaging in selective enforcement of the law. The village parties seek to justify all of the complained of actions based on their good-faith reliance on the advice of counsel. The village parties have nevertheless refused to disclose certain documents to the defendants respondents on the ground that those documents, which consist largely of their communications with their counsel, are protected by the attorney-client privilege.

Under certain circumstances, the court may infer that the attorney-client privilege has been waived by the client by his raising a defense regarding his own good faith, the validity of which can only be tested by invasion of the attorney-client privilege (5 Weinstein-Korn-Miller, NY Civ Prac ¶ 4503.20 [Dec. 1986 Supp], at 54). Where a party asserts as an affirmative defense the reliance upon the advice of counsel, the party waives the attorney-client privilege with respect to all communications to or from counsel concerning the transactions for which counsel's advice was sought *(see, Panter v Field & Co.,* 80 FRD 718; *Garfinkle v Arcata Natl. Corp.,* 64 FRD 688; *Smith v Bentley,* 9 FRD 489). Moreover, selective disclosure is not permitted as a party may not rely on the protection of the privilege regarding damaging communications while disclosing other self-serving communications *(see, United States v Jones,* 696 F2d 1069, 1072; *In re Sealed Case,* 676 F2d 793; *Handgards, Inc. v Johnson & Johnson,* 413 F Supp 926, 929; *United States v Exxon Corp.* 94 FRD 246). Accordingly, under these circumstances we agree with the Supreme Court, Westchester County, that the privilege has been waived and disclosure is required. Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.