■ ORCO BANK, N. V., Appellant, v PROTEINAS DEL PACIFICO, S. A., Defendant, and BHF SECURITIES CORPORATION, Respondent. (And a Third-Party Action.)

In April 1988, plaintiff Bank made two loans allegedly in reliance upon a letter of safekeeping by a manager of defendant BHF Securities Corporation to the effect that that firm held $10 million of borrower's US Treasury securities at the disposal of the plaintiff. It later developed that the collateral security had never been held by said defendant. Borrower's president and said defendant's former employee who had authored that letter have been convicted of the Federal crimes of mail and wire fraud. Defendant's discovery of plaintiff's counsel concerning the underlying transaction and their (nonprivileged) communications with representatives of defendant BHF Securities Corporation has been singularly unilluminating. In the deposition of plaintiff's president, said defendant attempted to probe the measures plaintiff took to assure itself of the existence of this security and of the authority of defendant's manager to issue the representation. It has received responses that plaintiff relied upon the advice of its lawyers who informed it, for example, "we had a good security". Plaintiff has withheld more detailed testimony, and documents, on grounds of attorney-client privilege.

In these circumstances, Supreme Court properly found plaintiff had waived the attorney-client privilege by placing the subject matter of counsel's advice in issue and by making selective disclosure of such advice *(Village Bd. v Rattner,* 130 AD2d 654; *Paruch v Paruch,* 140 AD2d 418). Further, this

record discloses a substantial need for said defendant to have access to materials which may allow it to contest plaintiff's claims that its attorneys advised it at all with respect to the authority of the relevant employee of said defendant *(Jakobleff v Cerrato, Sweeney & Cohn,* 97 AD2d 834). Concur—Rosenberger, J. P., Wallach, Ross and Smith, JJ.