Youlia MITEVA, Plaintiff,

v.

THIRD POINT MANAGEMENT COMPANY, L.L.C., Defendant.

No. 03 Civ. 1671 (VM).

United States District Court, S.D. New York.

Nov. 7, 2003.

Andrew G. Celli, Jr., Emery, Celli, Brinckerhoff & Abady, LLP, New York City, for plaintiff.

Marc S. Dreier, Brian Dunefsky, Dreier LLP, New York City, for defendant.

## DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Youlia Miteva ("Miteva") appeals a ruling by Magistrate Judge Henry Pitman denying Miteva's application to compel defendant Third Point Management Company, L.L.C. ("Third Point"), her former employer, to disclose certain communications with its prior attorneys, Willkie Farr & Gallagher ("Willkie Farr"). At the deposition of Daniel S. Loeb ("Loeb"), Third Point's principal and sole owner, Loeb asserted, in response to a question asked by Miteva's lawyer, that the letter by which Third Point had terminated Miteva did not specify any reason for the dismissal and that the letter was so worded on advice of Willkie Farr. Loeb further indicated, again in response to opposing counsel's inquiry and without objection at the time from his own lawyer, that Third Point

intended to rely on that advice of counsel as a defense in this action. On instruction of his counsel, Loeb then refused to answer any further questions concerning details of the substance of the communication between Third Point and Willkie Farr relating to the reasons for Miteva's termination.

Miteva contends that Loeb's testimony constituted a waiver of the attorney-client privilege and thus that Loeb should be compelled to answer Miteva's questions regarding the advice at issue. Miteva further maintains that even if Loeb's testimony did not effect a waiver of the privilege, his allegedly explicit statement of intent to rely on the advice-of-counsel defense waived the privilege and requires an order compelling disclosure of the underlying communication.

Third Point counters that Loeb's statement did not operate as a waiver. It maintains that Third Point has not affirmatively asserted advice of counsel as a defense in this action and that Loeb's statement at his deposition cannot reasonably be construed as an actual pleading of such a defense. Third Point also contends that though Loeb acknowledged that Third Point had relied on advice of its attorneys in drafting the termination letter at issue without specifying any grounds, Loeb did not reveal any details regarding the substance of the advice he had received from Willkie Farr.

■ Having reviewed the parties' letter briefs and accompanying exhibits submitted to Magistrate Judge Pitman in this regard, as well as the basis for the Magistrate Judge's ruling, the Court is persuaded that the Magistrate Judge's decision should be sustained. Third Point has now explicitly represented to the Court, through counsel in the record of this proceeding, that, despite Loeb's deposition statement to the contrary, it is not asserting nor relying on the advice of counsel defense. In this respect, the circumstances here distinguish this case from *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir.1991), upon which Miteva relies. *See also Vill. Bd. of Vill. of Pleasantville v. Rattner*, 130 A.D.2d 654, 515 N.Y.S.2d 585, 586 (App. Div.2d Dep't 1987) ("Where a party asserts as an affirmative defense the reliance upon the advice of counsel the party waives the attorney-client privilege with respect to all communications to or from counsel concerning the transactions for which counsel's advice was sought.... Moreover, selective disclosure is not permitted as a party may not rely on the protection of the privilege regarding damaging communications while disclosing other self-serving communications.") (citations omitted). Though Loeb disclosed as a fact that the termination letter was written as it was on advice of counsel, he did not selectively reveal any of the substance of the communication itself. *See Soho Generation of N.Y. Inc. v. Tri–City Ins. Brokers, Inc.*, 236 A.D.2d 276, 653 N.Y.S.2d 924 (App. Div. 1st Dep't 1997).

■ Second, Loeb's limited acknowledgment of reliance on advise of counsel in Third Point's preparation of Miteva's termination letter is not sufficient to constitute disclosure of the full content of the advice, or serve as a basis for compelling that the balance of the communication be revealed. *See id.* at 925 (noting that by plaintiff's president merely mentioning at a deposition that he had taken an action on advice of counsel, he "did not waive any attorney-client privilege by placing the subject matter of counsel's advice in issue or by making selective disclosure of such advice."); *cf. Orco Bank, N.V. v. Proteinas Del Pacifico, S.A.*, 179 A.D.2d 390, 577 N.Y.S.2d 841 (App. Div. 1st Dep't 1992).

■ Miteva asks for an order precluding Third Point at trial from making any mention of discussions with prior counsel concerning the substance of the advice communicated unless Miteva is now allowed an opportunity to explore the issue through discovery of the entire communication. In view of Third Point's express disavowal of reliance on advice of counsel as an affirmative defense, the order Miteva seeks is unnecessary or premature at this stage of the litigation. Should the matter arise and become relevant to trial at a later point, Miteva may renew its request by motion in limine, or at the appropriate time and proper context at trial.

### ORDER

For the reasons discussed above, it hereby

**ORDERED** that the appeal by plaintiff Youlia Miteva of the ruling of Magistrate Judge Pitman seeking an order to compel the testimony of Daniel S. Loeb concerning communications with prior counsel is DENIED.

**SO ORDERED.**