■ JULIE SOUSSIS, Respondent, v LAZER, APTHEKER, ROSELLA & YEDID, P.C., et al., Defendants/Third-Party Plaintiffs-Appellants, et al., Defendant. BENJAMIN VINAR, ESQ., Third-Party Defendant-Respondent. [936 NYS2d 565]—

A waiver of the attorney-client privilege may be found where the client places the subject matter of the privileged communication in issue or where invasion of the privilege is required to determine the validity of the client's claim or defense and application of the privilege would deprive the adversary of vital information (*see Hurrell-Harring v State of New York*, 75 AD3d 667, 668 [2010]; *601 Realty Corp. v Conway, Farrell, Curtin & Kelly, P.C.*, 74 AD3d 1179, 1179 [2010]; *Raphael v Clune White & Nelson*, 146 AD2d 762, 763 [1989]; *Jakobleff v Cerrato, Sweeney & Cohn*, 97 AD2d 834, 835 [1983]). Moreover, a waiver may be found where a party engages in selective disclosure, "as a party may not rely on the protection of the privilege regarding damaging communications while disclosing other self-serving communications" (*Village Bd. of Vil. of Pleasantville v Rattner*, 130 AD2d 654, 655 [1987]).

Contrary to the contention of the defendants/third-party plaintiffs, under the circumstances presented, the plaintiff did not place the subject matter of the subject e-mail communications in issue and application of the privilege will not deprive them of vital information in defense of her claims. Nor is disclosure of the subject e-mails required under the doctrine of selective disclosure (*cf. Orco Bank v Proteinas Del Pacifico*, 179 AD2d 390, 390 [1992]; *Village Bd. of Vil. of Pleasantville v Rattner*, 130 AD2d at 655). Accordingly, the Supreme Court properly denied the motion of the defendants/third-party plaintiffs to compel the third-party defendant to produce certain e-mail communications withheld from disclosure on the ground that they were protected by the attorney-client privilege. Skelos, J.P., Hall, Lott and Cohen, JJ., concur. **[Prior Case History: 2010 NY Slip Op 32991(U).]**