Order, Supreme Court, New York County (Louis B. York, J.), entered January 18, 2012, which denied defendants’ motion to compel plaintiffs to respond to certain discovery demands and to disqualify Michael F. Mongelli and his law firm from representing plaintiffs in this action, unanimously affirmed, with costs.
Defendants seek to defend against plaintiffs’ claims of negligent representation in a probate and accounting proceeding by compelling discovery of privileged communications between plaintiffs and the counsel who substituted for defendants in that proceeding and who represents plaintiffs in this legal malpractice action. The court properly denied the motion to *645 compel because there is no merit to defendants’ argument that the filing of this malpractice action placed the subject matter of the privileged communications “at issue.” The invasion of the privilege is not required to determine the validity of plaintiffs’ malpractice claim, and the application of the privilege does not deprive defendants of information vital to their defense (see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 62 AD3d 581 [1st Dept 2009]; Veras Inv. Partners, LLC v Akin Gump Strauss Hauer & Feld LLP, 52 AD3d 370 [1st Dept 2008]). Nor was there a partial, selective disclosure of privileged communications such that the privilege was waived (see Orco Bank v Proteínas Del Pacifico, 179 AD2d 390 [1st Dept 1992]).
The court properly denied defendants’ motion to disqualify plaintiffs’ counsel, as defendants failed to show that counsel’s testimony would be necessary to establish the claim or defense (see East Forty-Fourth St. LLC v Bildirici, 58 AD3d 542 [1st Dept 2009]). Concur—Acosta, J.E, Renwick, Richter and Feinman, JJ. [Prior Case History: 2012 NY Slip Op 30120(U).]