■ IDT CORPORATION, Appellant, v MORGAN STANLEY DEAN WITTER & Co. et al., Respondents. [967 NYS2d 51]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered October 26, 2012, which granted defendants' motion for an order precluding evidence to the extent of finding an "at issue" waiver of the attorney-client privilege and work-product protections, and ordered plaintiff to produce several former litigators for deposition, unanimously reversed, on the law, without costs, and the motion denied.

In the remaining fraud claims that were not previously dismissed (*see IDT Corp. v Morgan Stanley Dean Witter & Co.*, 63 AD3d 583 [1st Dept 2009]), plaintiff alleges that defendant Morgan Stanley fraudulently misrepresented that it had produced all documents responsive to a subpoena served in a prior arbitration proceeding between plaintiff and a third party, that it reasonably relied on that representation, and that it suffered pecuniary losses as a result of defendant's fraudulent concealment of additional documents because the arbitration panel would have awarded it greater damages had it been aware of the concealed documents. Defendant sought discovery concerning, among other things, plaintiff's arbitration counsels' reliance on its representation that the document production

was complete and the litigation strategy plaintiff's counsel would have pursued had the concealed documents been produced during the arbitration. After plaintiff invoked the attorney-client privilege, defendant brought a motion to preclude, arguing that an "at issue" waiver of privilege had occurred.

Although the privileged information sought by defendant is relevant to plaintiff's fraud claims, plaintiff disavows any intention to use privileged materials and defendant fails to show that the materials are necessary to determine the validity of the claims or to its defense against them (*see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP*, 62 AD3d 581 [1st Dept 2009]; *Veras Inv. Partners, LLC v Akin Gump Strauss Hauer & Feld LLP*, 52 AD3d 370 [1st Dept 2008]). Accordingly, defendant failed to establish that an "at issue" waiver of the attorney-client privilege occurred. Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Gische, JJ.