■ In the Matter of KRISTY RELLA, Appellant-Respondent, v BOARD OF EDUCATION OF GREENBURGH CENTRAL SCHOOL DISTRICT et al., Respondents-Appellants, et al., Respondents. [33 NYS3d 418]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Education of the Greenburgh Central School District dated February 28, 2014, which found insufficient direct evidence to support the petitioner's complaint of harassment and bullying by two other teachers, and, pursuant to CPLR 409 (a), to compel the Board of Education of the Greenburgh Central School District and the Greenburgh Central School District to produce a certain investigation report, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, West-

chester County (Neary, J.), entered March 20, 2015, as denied that branch of the petition which was to annul the February 28, 2014, determination. The Board of Education of the Greenburgh Central School District and the Greenburgh Central School District cross-appeal from so much of the same judgment as granted that branch of the petition which was pursuant to CPLR 409 (a) to compel the production of the subject investigation report.

Ordered that the judgment is reversed insofar as appealed and cross-appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.

The petitioner, who at all relevant times was a tenured English teacher at Woodlands High School (hereinafter the school), filed a complaint in November of 2013 against two other English teachers, alleging that they were bullying and harassing her. Following a preliminary investigation of the complaint by the Director of Human Resources of the Greenburgh Central School District (hereafter the School District), the Board of Education of the School District (hereafter the Board) retained an attorney to conduct an investigation and prepare a written report for the Board's consideration.

Upon completion of the investigation and the submission of the investigation report in January 2014, the Board determined, on February 28, 2014, that there was insufficient evidence to conclude that the alleged misconduct rose to the level of "harassment, bullying, discriminatory behavior and/or hostile environment" toward the petitioner. Noting, however, that the relationship between the petitioner and the two other teachers had become an impediment to the effective operation of the English department, the Board directed the school's administration to take appropriate remedial action, including conducting workplace sensitivity training.

The petitioner then commenced this CPLR article 78 proceeding, inter alia, to review the Board's determination and, pursuant to CPLR 409 (a), to compel production of the investigation report. By judgment entered March 20, 2015, the Supreme Court, inter alia, denied that branch of the petition which was to annul the Board's determination, but, upon determining that the Board and the School District had waived any attorney-client privilege as to the investigation report, granted that branch of the petition which was to compel the production of the report. The petitioner appeals, and the Board and the School District cross-appeal, from the respective portions of the judgment adverse to them.

Under the circumstances presented, the Supreme Court should have reviewed the investigation report in camera before determining whether the Board's February 28, 2014, determination was arbitrary or capricious, rather than relying on selective information submitted by the Board and the School District (*see Soussis v Lazer, Aptheker, Rosella & Yedid, P.C.*, 91 AD3d 753, 754 [2012]; *Village Bd. of Vil. of Pleasantville v Rattner*, 130 AD2d 654, 655 [1987]).

The Supreme Court also erred in determining that the Board and the School District had waived the attorney-client privilege with respect to the investigation report without first conducting an in camera review of the report (*see Matter of Loudon House LLC v Town of Colonie*, 123 AD3d 1409, 1411 [2014]).

Accordingly, we reverse the judgment insofar as appealed and cross-appealed from and remit the matter to the Supreme Court, Westchester County, to conduct an in camera review of the investigation report and, thereafter, for new determinations of the branches of the petition which were to annul the Board's February 28, 2014, determination and to compel disclosure of the investigation report. Chambers, J.P., Dickerson, Hinds-Radix and Connolly, JJ., concur.