■ In the Matter of ROGER SAYEGH, Respondent, v KEVIN M. MCGUIRE et al., Appellants. [45 NYS3d 159]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Westchester County Department of Social Services dated October 29, 2014, which denied the petitioner's request for the disclosure of certain information pursuant to Social Services Law § 422-a, the appeal is from a judgment of the Supreme Court, Westchester County (Everett, J.), dated June 16, 2015, which granted the petition to the extent of, in effect, annulling the October 29, 2014, determination and directing the disclosure of the subject information to the Justice presiding over an action entitled *Bibbins v Sayegh*, pending under Westchester County index No. 611/13, for an in camera inspection.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Westchester County, for an in camera review in accordance herewith and a new determination thereafter of the petition.

The petitioner made a request to the Commissioner of the Westchester County Department of Social Services (hereinafter the Commissioner) for the disclosure of information pursuant to Social Services Law § 422-a. The petitioner sought the information in connection with his defense in an action entitled *Bibbins v Sayegh*, pending in the Supreme Court, Westchester County, under index No. 611/13. The Commissioner denied the petitioner's request in a determination dated October 29, 2014.

The petitioner subsequently commenced this proceeding against the Commissioner and the Westchester County Department of Social Services (hereinafter the DSS), pursuant to CPLR article 78, to review the Commissioner's determination. The Commissioner and the DSS interposed an answer in which they asserted that the Commissioner's determination "was based upon reason and founded in fact and should not be disturbed." The answer sought the "dismiss[al]" of the petition, and alternatively requested that the Supreme Court "order a phased in-camera review."

In the judgment appealed from, the Supreme Court granted the petition to the extent of, in effect, annulling the Commissioner's determination and directing the disclosure of the subject information to the Justice presiding over the underlying action for an in camera inspection to determine the appropriate scope of disclosure based on the issues raised in that action. The Commissioner and the DSS appeal, and we reverse.

The standard of review applicable to the Commissioner's determination denying the petitioner's request, which was rendered without an evidentiary hearing, is whether the determination was arbitrary and capricious, irrational, or affected by an error of law (*see* CPLR 7803 [3]; *Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.*, 77 NY2d 753, 757-758 [1991]; *Matter of Ignaczak v Ryan*, 79 AD3d 881, 882 [2010]). Here, under the particular circumstances of this case, the Supreme Court should have granted the request for an in camera review before determining whether the Commissioner's determination was arbitrary and capricious, irrational, or affected by an error of law (*see generally Matter of Rella v Board of Educ. of Greenburgh Cent. Sch. Dist.*, 140 AD3d 887, 888 [2016]; *accord* Social Services Law § 422 [4] [A] [e]). Accordingly, we reverse the judgment and remit the matter to the Supreme Court, Westchester County, for an in camera review in accordance with the standard set forth in Social Services Law § 422-a and a new determination thereafter of the petition. Chambers, J.P., Roman, Miller and Barros, JJ., concur.