U.S. Bank Natl. Assn. v Lightstone Holdings LLC (2018 NY Slip Op 08556)





U.S. Bank Natl. Assn. v Lightstone Holdings LLC


2018 NY Slip Op 08556


Decided on December 13, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 13, 2018

Friedman, J.P., Gische, Kapnick, Kahn, Kern, JJ.


7879N 651951/10

[*1] U.S. Bank National Association, etc., Plaintiff-Appellant,
v
Lightstone Holdings LLC, et al., Defendants. 
Cadwalader, Wickersham & Taft LLP, Nonparty Respondent.


Venable LLP, New York (Gregory A. Cross of counsel), for appellant.
Cadwalader, Wickersham & Taft, LLP, New York (Ellen M. Halstead of counsel), for respondent.



Order, Supreme Court, Supreme Court, New York County (Barry R. Ostrager, J.), entered September 5, 2017, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for an order rejecting a portion of the referee's report which found that certain documents were privileged and shielded from discovery, unanimously affirmed, with costs.
The motion court properly found that no subject matter waiver of the privilege had occurred. Although the privileged information sought by plaintiff is likely relevant to its claim of entitlement to priority to the guarantee pool money (U.S. Bank Natl. Assn. v Lightstone Holdings LLC, 103 AD3d 458, 459 [1st Dept 2013]), defendant Wachovia did not place the communications with its counsel "at issue," and plaintiff fails to show that the privileged information is necessary to determine the validity of its claims (see IDT Corp. v Morgan Stanley Dean Witter & Co., 107 AD3d 451 [1st Dept 2013]; Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 62 AD3d 581 [1st Dept 2009]; Veras Inv. Partners, LLC v Akin Gump Strauss Hauer & Feld LLP, 52 AD3d 370 [1st Dept 2008]).
The motion court also properly found the defendant did not waive the privilege by its selective disclosure of certain nonprivileged documents related to the same issues (see BEW Parking Corp. v Apthorp Assoc. LLC, 141 AD3d 425 [1st Dept 2016]; Deutsche Bank Trust Co. of Ams. v Tri—Links Inv. Trust, 43 AD3d 56 [1st Dept 2007]). There is also no basis to invade the attorney client privilege of nonparty JP Morgan, and permit discovery of communications with its counsel, issued during the pendency of the related bankruptcy proceeding, years after the agreement at issue in this litigation was drafted.
Lastly, there is no evidence in the record to support plaintiff's contention that the referee did not conduct a proper review of the documents at issue, or that the motion court improvidently exercised its discretion or issued rulings inconsistent with those of the previously assigned judge. [*2]Moreover, plaintiff has not arranged for the documents at issue to be available for this Court to review in camera (see generally Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 381 [1991]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 13, 2018
CLERK