Metropolitan Bridge & Scaffolds Corp. v New York City Hous. Auth. (2019 NY Slip Op 00526)





Metropolitan Bridge & Scaffolds Corp. v New York City Hous. Auth.


2019 NY Slip Op 00526


Decided on January 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2019

Renwick, J.P., Richter, Manzanet-Daniels, Gische, Tom, JJ.


7547N 653507/13

[*1] Metropolitan Bridge & Scaffolds Corp., Plaintiff-Respondent,
v
New York City Housing Authority, Defendant-Appellant.
New York City Housing Authority, Defendant-Third-Party Plaintiff-Appellant,
v
Liberty Architectural Products Co., Inc., et al., Third-Party Defendants-Respondents.


Kelly D. MacNeal, New York (Lauren L. Esposito of counsel), for appellant.
Mastropietro Law Group, PLLC, New York (Eric W. Gentino of counsel), for respondents.



Order, Supreme Court, New York County (Eileen Bransten, J.), entered April 2, 2018, which, to the extent appealed from as limited by the briefs, granted plaintiff and third-party defendants' motion to compel defendant/third-party plaintiff New York City Housing Authority (NYCHA) to comply with discovery orders to the extent of ordering NYCHA to produce discovery material previously redacted on the ground of attorney-client privilege by April 5, 2018 and to pay a fine of $300 per day for each day thereafter that it failed to disclose the material, to pay $3,000 as a sanction for its behavior during discovery and for violation of prior court orders, and to certify that it did not possess additional documents responsive to the discovery demands or court orders, modified, on the facts and as an exercise of discretion, to vacate the $300 per day fine and the requirement that defendant furnish a certification pursuant to Jackson v City of New York (185 AD2d 768 [1st Dept 1992], and otherwise affirmed, without costs.
Plaintiff Metropolitan Bridge & Scaffolds Corp. and defendant NYCHA entered into three contracts whereby Metropolitan agreed to supply certain sidewalk sheds and related items for use at various Housing Authority projects throughout the City and to perform certain maintenance obligations.
Plaintiff commenced the first-party action seeking payment for its contractual retainage, which it alleges NYCHA refuses to pay, as well as for extra work ordered by NYCHA.
In 2015, NYCHA filed a third-party complaint against the individual third-party defendants alleging seven causes of action. The gist of the third-party complaint is that third-party defendants engaged in an alleged conspiracy to defraud NYCHA by submitting fraudulent certifications attesting that plaintiff's former owners had not been charged or convicted of a crime. NYCHA alleges that Metropolitan and the third-party defendants misled NYCHA to believe that Metropolitan was solely owned by Mark Cersosimo, when it was owned by other third-party defendants who had pled guilty to giving unlawful gratuities to a public servant during performance of contract work for the City, which disqualified them from being awarded federally-funded NYCHA contracts.
Third-party defendants maintain that they informed NYCHA that the charges against Metropolitan's former owners had been terminated with a conditional discharge based upon the [*2]payment of less than $200 in court costs. They assert that NYCHA extended all three of the contracts with Metropolitan while having full knowledge of these facts.
On June 13, 2017, the parties appeared before the court for a status conference. Counsel for third-party defendants informed the court that NYCHA had produced "almost no relevant documents," despite the fact that witnesses were about to be deposed. Counsel noted that it was critical he have documents relevant to NYCHA's internal deliberation and decision-making process prior to depositions. The court agreed, and made clear that it "want[ed] every single one of the documents listed . . . to be turned over by the end of th[e] week." The court warned that if the documents were not turned over in accordance with the order, the counterclaims would be dismissed.
When the parties next appeared for a status conference, on September 5, 2017, the relevant documents had yet to be produced. The court warned NYCHA's counsel in no uncertain terms: "I want every last document that you have concerning any and all, and any possible review that you have done, any possible inspection, anything you have done concerning any one of the named [d]efendants . . . I want everything turned over." The court informed counsel that it wanted a Jackson certification.
On October 10, 2017, NYCHA was ordered to provide the outstanding discovery within 10 days.
In November, on the eve of depositions, NYCHA produced more than 700 heavily and in some cases impermissibly redacted documents, and withheld another group of more than 400 documents as privileged. In January 2018, after depositions had commenced, plaintiff and third-party defendants received another belated production of relevant documents. NYCHA also furnished the Jackson certification as ordered.
The motion court granted in part plaintiff's and third-party defendants' motion to compel NYCHA's compliance with the previously-entered discovery orders. The court found an "at issue" waiver of attorney-client privilege. The court ordered NYCHA to pay a $3,000 fine for its violations of the June 13, 2017 and September 5, 2017 discovery orders, and a sanction of $300 per day for each day thereafter it failed to produce the material.
The gravamen of NYCHA's complaint is that third-party defendants allegedly defrauded NYCHA's law department into awarding contracts based on false representations. To prevail at trial, NYCHA must establish that it reasonably relied on the alleged misrepresentation in the relevant forms and certifications. The court correctly found that having placed the knowledge of its law department at issue, NYCHA waived attorney-client privilege with respect to the subject documents. NYCHA cannot seek to prevent the disclosure of evidence showing that its attorneys — the very individuals who performed the bid review function for NYCHA — recommended that NYCHA award the contracts to plaintiff despite knowledge of the operative facts (see Village Bd. of Vil. of Pleasantville v Rattner, 130 AD2d 654, 655 [2d Dept 1987] ["(w)here a party asserts . . . reliance upon the advice of counsel, the party waives the attorney-client privilege with respect to all communications to or from counsel concerning the transactions for which counsel's advice was sought"]).
Further, NYCHA may not rely on attorney-client privilege while selectively disclosing other self-serving privileged communications (see Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Tr., 43 AD3d 56, 64 [1st Dept 2007]; Orco Bank v Proteinas Del Pacifico, 179 AD2d 390, 390 [1st Dept 1992] [the plaintiff "waived the attorney-client privilege by placing the subject matter of counsel's advice in issue and by making selective disclosure of such advice"]).
The dissent admits that the withheld information is relevant to a defense of justification, and does not address the argument that entirely independently of at-issue waiver, NYCHA waived attorney-client privilege through its selective disclosure of allegedly privileged information.
The motion court providently exercised its discretion in finding that NYCHA's conduct during discovery warranted sanctions. NYCHA offered no convincing explanation for its violations of the June 13, 2017 and September 5, 2017 discovery orders, nor for its belated production of documents thereafter. We modify to vacate the sanction imposing an additional penalty of $300 per day as it is unnecessary and unduly punitive.
We take issue with the dissent's conclusion, unsupported by the record, that NYCHA's delays were based on good faith claims of lack of clarity as to its discovery obligations; in any event, it is unnecessary to demonstrate willful and contumacious behavior in order to impose a sanction like a monetary sanction or preclusion, as opposed to a more drastic sanction such as the striking of a pleading (see Vandashield Ltd. v Isaacson, 146 AD3d 552 [1st Dept 2017]; Christian v City of New York, 269 AD2d 135 [1st Dept 2000]; New v Scores Entertainment, 255 AD2d 108 [1st Dept 1998]).
The affidavit that NYCHA submitted with the requisite certification that it made a good faith effort to search for the documents specified in the order was sufficient (see Jackson v
City of New York, 185 AD2d 768 [1st Dept 1992]); no further certification is necessary.
All concur except Tom, J. who dissents in a memorandum as follows:




TOM, J. (dissenting)


This appeal concerns a discovery dispute that resulted in Supreme Court sanctioning NYCHA. Although the majority has significantly reduced the sanction, I would reverse and deny the motion to compel because an "at issue" waiver of the attorney-client privilege did not occur (see IDT Corp. v Morgan Stanley Dean Witter & Co., 107 AD3d 451 [1st Dept 2013]), and at minimum, NYCHA acted in good faith based on its claims of privilege and uncertainty over its discovery obligations. Accordingly, I respectfully dissent.
Plaintiff and NYCHA entered into three contracts pursuant to which plaintiff was to supply sidewalk sheds for use at various NYCHA properties. Plaintiff commenced this action to recover certain payments it claims were owed under the contracts. NYCHA asserted counterclaims, and commenced a third-party action, alleging that plaintiff and various third-party defendants including Liberty Architectural Products Co., Inc. (Liberty), conspired to defraud NYCHA into awarding plaintiff Metropolitan Bridge and Scaffolds Corp (Metropolitan) the three contracts.
More specifically, NYCHA alleges that plaintiff and the third-party defendants (respondents) misled NYCHA to believe that Metropolitan was solely owned by Mark Cersosimo, when it was owned by other third-party defendants who had pleaded guilty to giving unlawful gratuities to a public servant during performance of contract work for the City, which disqualified them from being awarded federally funded NYCHA contracts.
Respondents contend that NYCHA was informed in 2010 that charges against two of plaintiff's former owners had been terminated with a conditional discharge based upon the payment of less than $200 in court costs, but that NYCHA, nevertheless, extended all three of the contracts with plaintiff.
The relevant document request, dated January 18, 2017, asked NYCHA for "[c]opies of all determinations by NYCHA that Metropolitan was a responsible vendor for the 2009, 2010 and 2011 Contracts. . . ." At a June 13, 2017 status conference, respondents argued that NYCHA had not produced discovery addressing its investigations and deliberations concerning its awards of the contracts to plaintiff, and they made a verbal request for "determinations, formal or informal, draft or not, et cetera, and it's defined in our demands regarding responsibility determinations, et cetera." The court directed NYCHA to produce those documents, but suggested that respondents give NYCHA a list of the specific documents requested.
In July 2017, after the parties engaged in correspondence seeking to clarify what the court had ordered, respondents moved to strike NYCHA's third-party complaint for failure to comply with the June 2017 discovery order. However, respondents never provided a list of specific requests as discussed.
Although the court declined to strike the pleadings, on September 5, 2017 it instructed NYCHA to turn over all of its investigations and any documents concerning any of the third-party defendants. NYCHA then supplied numerous documents, although many were redacted based on various claimed privileges.
Respondents demanded complete copies of certain redacted documents and NYCHA [*3]responded by submitting unredacted copies to the court for in camera review and produced a privilege log. Following the court's October 10, 2017 order directing NYCHA to produce documents ("all audits, reviews, investigations, internal or otherwise, from 2007 to present"), and to "produce a Jackson Affidavit attesting to the extent of their search," on November 21, 2017, NYCHA produced over 700 pages of additional documents, while withholding over 400 documents based on the purported public interest privilege and law enforcement privilege. Separately, on December 4, 2017, NYCHA submitted a Jackson affidavit with respect to its efforts to comply with the discovery orders pursuant to Jackson v City of New York, (185 AD2d 768 [1st Dept 1992]).
Thereafter, at a December 12, 2017 hearing, the court questioned the claims of privilege and requested memoranda of law on the issue. Respondents then moved to compel the production of certain redacted and withheld documents, as well as for discovery sanctions, arguing that NYCHA had waived attorney-client privilege by asserting fraud claims that placed the subject matter of the privileged communications "at-issue."
Supreme Court found an "at-issue" waiver had occurred because NYCHA had purportedly made its law department's determinations with regard to the contracts central to the case, and that respondents would be unable to defend against the fraud claims without these documents. As for sanctions, the court issued a $3,000 sanction against NYCHA to cover past behavior, and directed that NYCHA's failure to produce all non-privileged material by April 5, 2018 will result in a fine of $300 a day.
The court erred in finding that respondents established that an "at issue" waiver of the attorney-client privilege occurred (see IDT Corp. v Morgan Stanley Dean Witter & Co., 107 AD3d at 452). NYCHA disavows any intention to use its privileged materials to prove its claims and does not allege that the fraud claims were based upon advice from or determinations made by NYCHA attorneys, but rather on misrepresentations by respondents. The mere fact that NYCHA obtained legal advice before awarding the contracts, and that such advice has "relevance" to the defense against the fraud claims, does not mean that such advice is a "central issue" in litigating or "necessary to defending" against the claim, where, there is evidence from non-privileged material that is sufficient to support the defense.
Accordingly, while the privileged information that respondents seek is relevant to NYCHA's fraud counterclaims, respondents failed to show that the information is necessary to determine the validity of the counterclaims or to defend against them (see Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 62 AD3d 581 [1st Dept 2009]). In other words, respondents can show that NYCHA was in possession of all the facts constituting the purported fraud at the time it approved the contracts and that NYCHA did not justifiably rely on the alleged false representations based on their possession of those facts, and without invading the attorney-client privilege.
More specifically, respondents state that NYCHA "had explicit notice of the criminal charges and disposition of the matter no later than November 30, 2010," but still extended the contracts, and admit that NYCHA has produced documents that reveal that it "knew about the operative facts necessary to support its fraud- and conspiracy-related theories when it decided to award the contracts to Metropolitan." Thus, there is no basis to conclude that privileged internal deliberations are so critical to the defense to warrant a breach of the attorney-client privilege.
In any event, at the very least, NYCHA substantially complied with its discovery obligations and had a good faith basis to continue arguing that certain documents were privileged and that there had not been an "at issue" waiver. Further, NYCHA's delays were based on good faith claims of lack of clarity of its discovery obligations. The court did not make an express finding, and the record does not support the conclusion, that NYCHA's delays in producing [*4]documents and its redactions of information were willful, contumacious or in bad faith (see Sidelev v Tsal-Tsalko, 52 AD3d 398 [1st Dept 2008]). Thus, I would find that the issuance of sanctions on NYCHA was an improvident exercise of discretion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 24, 2019
CLERK