Berkshire Hathaway Specialty Ins. Co. v H.I.G. Capital, LLC (2021 NY Slip Op 02479)





Berkshire Hathaway Specialty Ins. Co. v H.I.G. Capital, LLC


2021 NY Slip Op 02479


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Manzanet-Daniels, J.P., Mazzarelli, Mendez, Shulman, JJ. 


Index No. 652750/17 Appeal No. 13644N Case No. 2020-02854 

[*1]Berkshire Hathaway Specialty Insurance Company et al., Plaintiffs, Starr Indemnity & Liability Company, Plaintiff-Respondent,
v
H.I.G. Capital, LLC, Defendant-Appellant.


Hunton Andrews Kurth LLP, New York (Michael S. Levine of counsel), for appellant.
Stroock & Stroock & Lavan LLP, New York (Michele L. Jacobson and Laura Besvinick of the bar of the State of Florida, admitted pro hac vice, of counsel), for respondent.



Order, Supreme Court, New York County (Andrew Borrok, J.), entered May 28, 2020, which, to the extent appealed from as limited by the briefs, denied defendant's motion pursuant to CPLR 3025 to serve an amended answer and counterclaims asserting a new fifteenth affirmative defense and granted in part plaintiff Starr Indemnity & Liability Company's motion to compel certain discovery, unanimously modified, on the facts, to deny Starr's motion, and otherwise affirmed, without costs.
Defendant's proposed new fifteenth affirmative defense fails to state a cause of action and is therefore insufficient as a matter of law (see McGhee v Odell, 96 AD3d 449 [1st Dept 2012]). In connection with its application for insurance from Starr, defendant executed a "Warranty and Representation Letter" in which it represented that there were then no pending claims, suits, actions, or investigations against any of the proposed insureds except as disclosed in the attached "loss runs" (which are not relevant here) and that none of the proposed insureds had any knowledge of any act, error, or omission that might give rise to such a claim, suit, action, or investigation. That representation was a condition precedent to coverage, defined the scope of coverage that was bound, and did not provide for a forfeiture of existing coverage. Defendant contends that Starr waived its reliance on that letter. However, under the controlling Florida law (see Berkshire Hathaway Specialty Ins. Co. v H.I.G. Capital, LLC, 172 AD3d 570 [1st Dept 2019]), an insurer may be estopped to seek a forfeiture of a policy, but neither waiver nor estoppel can create or extend coverage (Starlite Servs., Inc. v Prudential Ins. Co. of Am., 418 So 2d 305, 306-307 and n 2 [Fla Dist Ct App 1982], review dismissed 421 So 2d 518 [Fla 1982]; Axis Surplus Ins. Co. v Caribbean Beach Club Assn., Inc., 164 So 3d 684, 687 [Fla Dist Ct App 2014], review denied 171 So 2d 113 [Fla 2015]).
Starr failed to show that the privileged materials it seeks are necessary to determine the validity of defendant's defenses or counterclaims (see IDT Corp. v Morgan Stanley Dean Witter & Co., 107 AD3d 451, 452 [1st Dept 2013]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021