8206 N. Blvd, LLC v Ai Qiu Qu (2024 NY Slip Op 05949)

8206 N. Blvd, LLC v Ai Qiu Qu

2024 NY Slip Op 05949

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
LILLIAN WAN, JJ.

2023-03220
 (Index No. 704087/22)

[*1]8206 Northern Blvd, LLC, appellant,
v
Ai Qiu Qu, et al., respondents.

Novick Edelstein Pomerantz P.C., Yonkers, NY (Lawrence Schiro of counsel), for appellant.

DECISION & ORDER
In an action for declaratory and injunctive relief, the plaintiff appeals from an order of the Supreme Court, Queens County (Anna Culley, J.), entered March 22, 2023. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to quash a subpoena served upon the plaintiff's attorney and granted that branch of the plaintiff's motion which was to require the defendants to comply with a preliminary conference order only to the extent of directing that the plaintiff's continued deposition and the defendants' depositions shall take place after the deposition of the plaintiff's attorney.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The facts of this case are more fully set forth in this Court's decision and order on a related appeal (see 8206 Northern Blvd, LLC v Ai Qui Qu, ____ AD3d ____ [Appellate Division Docket No. 2023-00025; decided herewith]). In 2022, the plaintiff commenced this action, inter alia, to enjoin the defendants from interfering with the plaintiff's easement over the defendants' property. The defendants interposed an answer with counterclaims, including a counterclaim alleging trespass, which sought compensatory and punitive damages. The defendants alleged, among other things, that the plaintiff put an oversized dumpster beyond the area described in a grant of easement and that such use was not allowed by the grant of easement.
During his deposition, Rodolfo Fuertes, the plaintiff's managing member, made certain statements regarding his communications with the plaintiff's attorney, Lawrence Schiro. Immediately after this testimony, the defendant's attorney stopped the deposition, stating that Schiro just became a witness in the case. Thereafter, the defendants served a subpoena on Schiro, seeking to depose him. The plaintiff moved, inter alia, to quash the subpoena and to require the defendants to comply with a preliminary conference order by continuing the plaintiff's deposition and producing the defendants for depositions.
The Supreme Court, among other things, denied that branch of the plaintiff's motion which was to quash the subpoena and granted that branch of the plaintiff's motion which was to require the defendants to comply with the preliminary conference order only to the extent of directing that the plaintiff's continued deposition and the defendants' depositions shall take place after the [*2]deposition of the plaintiff's attorney. The plaintiff appeals.
"An application to quash a subpoena should be granted only where the futility of the process to uncover anything legitimate is inevitable or obvious . . . or where the information sought is utterly irrelevant to any proper inquiry" (Matter of Kapon v Koch, 23 NY3d 32, 38 [alterations and internal quotation marks omitted]; see Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 331-332; Nunez v Peikarian, 208 AD3d 670, 671). "A waiver of the attorney-client privilege may be found where the client places the subject matter of the privileged communication in issue or where invasion of the privilege is required to determine the validity of the client's claim or defense and application of the privilege would deprive the adversary of vital information" (Siegel v Snyder, 202 AD3d 125, 132 [internal quotation marks omitted]; see Soussis v Lazer, Aptheker, Rosella & Yedid, P.C., 91 AD3d 753, 754). "Where a party asserts as an affirmative defense the reliance upon the advice of counsel, the party waives the attorney-client privilege with respect to all communications to or from counsel concerning the transactions for which counsel's advice was sought" (Village Bd. of Vil. of Pleasantville v Rattner, 130 AD2d 654, 655).
Here, the plaintiff failed to meet its burden of establishing that the requested deposition testimony was utterly irrelevant or that the futility of the process to uncover anything legitimate was inevitable or obvious (see Nunez v Peikarian, 208 AD3d 670, 671; Reda v Port Auth. of N.Y. & N.J., 188 AD3d 1278, 1279). To recover punitive damages for trespass on real property, the defendants must establish that the plaintiff "acted with actual malice involving intentional wrongdoing" or that the trespass "amounted to a wanton, willful, or reckless disregard of the [defendants'] right of possession" (Shrage v Con Edison Co., 216 AD3d 1023, 1026 [internal quotation marks omitted]; Litwin v Town of Huntington, 248 AD2d 361, 362). At his deposition, Fuertes voluntarily disclosed his communications with Schiro prior to the placement of the dumpster and placed the substance of those communications at issue (see Van Ryn v Goland, 189 AD3d 1749, 1753; Hudson Val. Mar., Inc. v Town of Cortlandt, 30 AD3d 378, 379; Orco Bank v Proteinas Del Pacifico, 179 AD2d 390, 390; Village Bd. of Vil. of Pleasantville v Rattner, 130 AD2d at 655; cf. Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 43 AD3d 56, 68-69). Although Schiro was permitted to object upon the basis of the attorney-client privilege and direct Fuertes not to answer (see 22 NYCRR 221.2; see also Kymissis v Rozzi, 1997 WL 278055, *3, 1997 US Dist LEXIS 7220, *____ [SD NY, No. 93CIV8609 (JGK)(RLE)]), he did not do so. Unlike Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust (43 AD3d at 69) and Miteva v Third Point Mgt. Co., L.L.C. (218 FRD 397, 398 [SD NY]), on this record, the plaintiff has not disclaimed a reliance on the advice of counsel defense.
Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to quash a subpoena served upon the plaintiff's attorney and granted that branch of the plaintiff's motion which was to require the defendants to comply with a preliminary conference order only to the extent of directing that the plaintiff's continued deposition and the defendants' depositions shall take place after the deposition of the plaintiff's attorney.
CONNOLLY, J.P., GENOVESI, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court