Daniel Szalkiewicz & Assoc., P.C. v Liu (2025 NY Slip Op 07346)

Daniel Szalkiewicz & Assoc., P.C. v Liu

2025 NY Slip Op 07346

Decided on December 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 30, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Rosado, Michael, Hagler, JJ. 

Index No. 150713/24|Appeal No. 5586|Case No. 2025-00512|

[*1]Daniel Szalkiewicz & Associates, P.C., et al., Plaintiffs-Respondents,
v
Vivian Liu Also Known as Vivian Xuanfei Liu Also Known as Xuanfei Liu, Defendant-Appellant.

Jones Law Firm, P.C., New York (T. Bryce Jones of counsel), for appellant.
Veridian Legal, P.C., New York (Daniel S. Szalkiewicz of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered January 7, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiffs' motion seeking an order determining that defendant had waived the attorney-client privilege concerning issues that she had raised in publicly filed papers and denied defendant's cross-motion to strike the pleadings and filings for violating the attorney-client privilege, granted plaintiffs' motion for leave to amend the first amended complaint, and denied defendant's motion to dismiss the complaint, unanimously modified, on the law, without costs, the motion to dismiss granted to the extent of dismissing plaintiffs' first cause of action for tortious interference with contract and tortious interference with prospective economic advantage, and otherwise affirmed, without costs.
Plaintiffs were "permitted to amend [their] complaint as of right" (Zaiger LLC v Bucher Law PLLC, 238 AD3d 687, 687 [1st Dept 2025]; see CPLR 3025[a]). As such, Supreme Court "correctly applied [defendant]'s pending motion to dismiss to the amended complaint" because "the original complaint was superseded" (Zaiger LLC, 238 AD3d at 687). Additionally, the motion for leave to amend to remove two lines from the first amended complaint that were included in error, filed within a week of the amended pleading, was providently granted (CPLR 3025[b]; see Ferrer v Go N.Y. Tours Inc., 221 AD3d 499, 500 [1st Dept 2023]).
Defendant's motion to strike the first amended complaint, then-proposed second amended complaint, and several other documents filed by plaintiffs as violative of the attorney-client privilege was providently denied (CPLR 3024[b]). Defendant's affidavit previously filed in support of her motion to dismiss, and her inclusion of texts describing communications she had had with plaintiffs during the course of their attorney-client relationship, "waived the attorney-client privilege by placing the subject matter of counsel's advice in issue and by making selective disclosure of such advice" (Orco Bank v Proteinas Del Pacifico, 179 AD2d 390, 390 [1st Dept 1992]). In this situation, "invasion of the privilege is required to determine the validity of a claim or defense of the party asserting the privilege" (Deutsche Bank Trust Co. of Ams. v Tri-Links Inv. Trust, 43 AD3d 56, 63 [1st Dept 2007]). Indeed, a party "may not rely on attorney-client privilege while selectively disclosing other self-serving privileged communications" (Metropolitan Bridge & Scaffolds Corp. v New York City Hous. Auth., 168 AD3d 569, 572 [1st Dept 2019]; see Mancilla & Fantone, LLP v Liu, 242 AD3d 606[1st Dept 2025] [the defendant's similar arguments were previously denied by this Court]).
Plaintiffs' claims for tortious interference, federal cyberprivacy, and federal cybersquatting implicate the anti-SLAPP statutes, insofar as they arise from the negative online reviews defendant made and the website she registered using the individual defendant's name as the domain name (CPLR 3211[g][1]; Civil Rights Law § 76-a[1]; see Nelson v Ardrey, 231 AD3d 179, 183 [2d Dept 2024]; Aristocrat Plastic Surgery P.C. v Silva, 206 AD3d 26, 29-30 [1st Dept 2022]; Penn Warranty Corp. v DiGiovanni, 10 Misc 3d 998, 1004 [Sup Ct, NY County 2005]).
The tortious interference claims fail to state a cause of action under either theory, as there are no allegations that plaintiffs had a contract with a particular third-party, defendant knew of such a contract, and defendant specifically aimed her communications to a third-party client or potential client of plaintiffs (see Carvel Corp. v Noonan, 3 NY3d 182, 192 [2004]; Valkyrie AI LLC v PriceWaterhouseCoopers LLP, 233 AD3d 460, 461 [1st Dept 2024]). In addition, the tortious interference with prospective economic advantage claim fails because defendant's conduct was not motivated solely by malice but due to self-interest or other economic considerations as plaintiff alleged in the complaint (see Phillips v Carter, 58 AD3d 528 [1st Dept 2009]). For the same reason, plaintiffs cannot demonstrate a "substantial basis in law" for the claims (CPLR 3211[g][1]; see Reeves v Associated Newspapers, Ltd., 232 AD3d 10, 12 [1st Dept 2024], lv dismissed 44 NY3d 990 [2025], quoting Smartmatic USA Corp. v Fox Corp., 213 AD3d 512, 512 [1st Dept 2023]).
However, plaintiffs' pleadings, affidavits, and exhibits sufficiently demonstrate a substantial basis in law as to the two federal statutes. There is at least a triable issue concerning defendant's intent to profit from the web domain at issue (15 USC § 8131[a]) and as to bad faith (15 USC § 1125[d][1][A]-[B]; see American Lecithin Co. v Rebmann, 2020 WL 4260989, *11-13 [SD NY 2020]; see also Sporty's Farm L.L.C. v Sportsman's Market, Inc., 202 F3d 489, 498 [2d Cir 2000]).
We decline to dismiss the remaining claims in the operative complaint, namely, intentional infliction of emotional distress and violation of Civil Rights Law § 79-n, the merits of which defendant failed to address in her motion to dismiss and on appeal. Moreover, these claims are not based on public statements in a public forum (see TRB Acquisitions LLC v Yedid, 239 AD3d 578, 580 [1st Dept 2025]).
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 30, 2025