■ ELVIN A. WILLIAMS et al., Respondents, v J.B. HUNT TRANSPORT SERVICES, INC., Appellant, et al., Defendant.—In an action to recover damages for personal injuries, etc., the defendant J.B. Hunt Transport Services, Inc., appeals from an order of the Supreme Court, Kings County (Hurowitz, J.), dated October 31, 1988, which denied its motion for a protective order vacating a notice to conduct a deposition served by the plaintiffs. The appeal brings up for review so much of an order of the same court, dated February 9, 1989, as, upon reargument, adhered to the original determination (CPLR 5517 [b]).

Ordered that the appeal from the order dated October 31, 1988, is dismissed as that order was superseded by the order dated February 9, 1989, made upon reargument; and it is further,

Ordered that the order dated February 9, 1989, is affirmed insofar as reviewed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The court properly exercised its discretion in denying the appellant's motion for a protective order (CPLR 3103). The courts have consistently encouraged liberal pretrial disclosure *(e.g., Cynthia B. v New Rochelle Hosp. Med. Center,* 60 NY2d 452, 461). The appellant should, if possible, produce a witness with knowledge as to whether it maintains any records which would be useful in determining whether any of its trucks might have been in the vicinity of the accident at the time in question.

We also see no improvident exercise of discretion with respect to the court's failure to direct the plaintiffs to pay the costs incurred by the appellant in producing a witness. If it is ultimately shown that the plaintiffs' claim is without merit, then the appellant may seek to have the court award appropriate disbursements as part of the final judgment *(see,* CPLR 8301 [a] [12]; *Allied Excavating Corp. v Graves Equip. Co.,* 99 AD2d 499). Bracken, J. P., Eiber, Sullivan and Rosenblatt, JJ., concur.