■ SIMONE PLATMAN, Respondent, v PHAM THU DUC, Appellant, and KAPORA TAXI, INC., et al., Respondents. [595 NYS2d 111] —In an action to recover for personal injuries sustained in an automobile accident, the defendant Pham Thu Duc appeals from an order of the Supreme Court, Queens County (Friedmann, J.), dated October 14, 1992, which denied his motion to compel the plaintiff to submit to a physical examination within the City of New York.

Ordered that the order is reversed, with costs payable by the plaintiff, the appellant's motion is granted, and the plaintiff is directed to submit to a physical examination at a time and location within the City of New York, to be set forth in a written notice to be provided by the appellant of not less than 10 days, or at such time and location within the City of New York as the parties may agree; and it is further,

Ordered that the physical examination shall be conducted within 120 days of the date of this decision and order.

The plaintiff, a resident of California, was injured in a two-car accident on the Brooklyn-Queens Expressway on October 22, 1991, when the taxi in which she was a passenger collided with a taxi owned and operated by the defendant Pham Thu Duc. A preliminary conference was held before Justice Friedmann on August 20, 1992. The attorney for Pham Thu Duc was not present at the conference. A preliminary conference order was issued directing that physical examinations of the plaintiff be held in California. Pham Thu Duc moved to compel the plaintiff to submit to a physical examination by a physician designated by the defendant within the City of New York. The Supreme Court denied the motion. We reverse.

Pham Thu Duc is not bound by the terms of the preliminary conference order which directed that physical examinations of the plaintiff take place in California. Neither he nor his attorney was present at the preliminary conference and there are conflicting allegations as to whether notice of the conference was given. There is nothing in the record, other than the plaintiff's conclusory hearsay allegation, that the codefendant's attorney had the authority to bind Pham Thu Duc to anything.

Moreover, the plaintiff does not claim that she is physically unable to travel, only that it would be impossible because of "occupational demands on her time and availability". The plaintiff has not shown that it would be an undue hardship to require her to submit to an examination in New York. The plaintiff conveniently overlooks the fact that she selected the Queens County forum (see, Rakowski v Irmisch, 46 AD2d 826). Therefore, the order is reversed, the appellant's motion is granted, and the plaintiff is directed to submit to a physical examination in the City of New York. Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.