■ MICHAEL HARTHEIMER et al., Appellants, v LINDA CLIPPER et al., Respondents. [732 NYS2d 866] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Mason, J.), dated January 26, 2001, which granted the motion of the defendant Linda Clipper pursuant to CPLR 3103 for a protective order against a notice for discovery and inspection and barring her further deposition.

Ordered that the order is reversed, as a matter of discretion, with costs, and the motion is denied.

The Supreme Court improperly exercised its discretion in granting the motion of the defendant Linda Clipper for a protective order. Clipper failed to make an appropriate factual showing of "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice" (CPLR 3103 [a]; *see, Willis v Cassia,* 255 AD2d 800, 801; *State of New York v General Elec. Co.,* 215 AD2d 928, 929; *Brignola v Pei-Fei Lee, M.D., P. C.,* 192 AD2d 1008, 1009). The records requested by the plaintiffs in their notice for discovery and inspection may be relevant on the issue of whether Clipper's vehicle was involved in the subject accident (*see, Williams v Hunt Transp. Servs.,* 162 AD2d 524). Furthermore, the examination before trial of Clipper, which was initially adjourned to be held before a judge, should continue until completion (*see, Tardibuono v County of Nassau,* 181 AD2d 879, 881; *Ferraro v New York Tel. Co.,* 94 AD2d 784, 785; *Freedco Prods. v New York Tel. Co.,* 47 AD2d 654). Santucci, J. P., Florio, H. Miller and Cozier, JJ., concur.