■ DEBRA CASCARDO, Appellant, v RUSSELL CASCARDO, Respondent. [24 NYS3d 742]—

In an action, inter alia, to recover damages for fraud and breach of fiduciary duty, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Troia, J.), dated March 10, 2014, as denied her motion for a protective order pursuant to CPLR 3103 (a) directing that her deposition be conducted by written interrogatories, and directed that she appear for oral deposition.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2011, the plaintiff commenced this action against her brother seeking damages for, inter alia, fraud and breach of fiduciary duty. Six days before her scheduled deposition, the plaintiff sought to have the deposition adjourned and thereafter moved for a protective order pursuant to CPLR 3103 (a) directing that her deposition be conducted by written interrogatories. The plaintiff claimed that due to a traumatic brain injury, she has trouble processing oral information and difficulty in sequencing, accessing language, and recalling information. In an order dated March 10, 2014, the Supreme Court denied the motion, directed the plaintiff to appear for oral deposition, and indicated that the plaintiff could, at her own expense, utilize a "real time" reporting system during the deposition. The plaintiff appeals. We affirm insofar as appealed from.

For a protective order to be issued, the party seeking such an order must make a "factual showing of 'unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice' " (*Hartheimer v Clipper*, 288 AD2d 263, 263 [2001], quoting CPLR 3103 [a]). "Trial courts are vested with broad discretion to issue appropriate protective orders to limit

discovery. . . . [T]his discretion is to be exercised with the competing interests of the parties and the truth-finding goal of the discovery process in mind" (*Brignola v Pei-Fei Lee, M.D., P.C.*, 192 AD2d 1008, 1009 [1993]).

Here, the Supreme Court providently exercised its discretion in denying the plaintiff's motion and directing that she appear for oral deposition. The papers submitted by the defendant in opposition to the motion demonstrated that the plaintiff was a party in prior unrelated proceedings in other courts in New York, and in those proceedings, similar relief requested by the plaintiff had been denied, she had been found competent to handle her own affairs, and she had a history of appearing pro se and taking depositions of the parties she was suing. The opposition papers also demonstrated that, in January 2013, in promotional material advertising her business on the Internet, the plaintiff was presented as an "expert speaker" and offered participants in her live webinar the opportunity to pose oral questions to her in real time. The court noted that it directed the plaintiff to provide the court with a copy of the webinar, but the plaintiff failed to do so.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in determining that the plaintiff failed to make the requisite showing pursuant to CPLR 3103 (a) to warrant the issuance of a protective order (*see Hartheimer v Clipper*, 288 AD2d 263 [2001]; *Willis v Cassia*, 255 AD2d 800, 801 [1998]; *State of New York v General Elec. Co.*, 215 AD2d 928, 929 [1995]; *Brignola v Pei-Fei Lee, M.D., P.C.*, 192 AD2d at 1009).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Leventhal, Roman and Duffy, JJ., concur.