■ ANNA IOLANDA CANDELA, Appellant, v MITCHELL L. KANTOR, Respondent. [64 NYS3d 36]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered August 25, 2016, which denied her motion, in effect, pursuant to CPLR 3126 to preclude the defendant from offering into evidence at trial certain postaccident photographs and a transcript of an interview of the plaintiff by the defendant's insurer.

Ordered that the order is affirmed, with costs.

On May 6, 2015, the plaintiff commenced this action to recover damages for personal injuries she contends she sustained on December 16, 2014, when her vehicle was struck by the defendant's vehicle. On December 7, 2015, the Supreme Court issued a preliminary conference order which, inter alia, directed the parties to exchange "statements of opposing parties and photographs" on or before January 19, 2016, and directed the defendant to provide the nonprivileged portion of the claims investigation, including photos and opposing party statements, with an end date for all disclosure of August 14, 2016. On February 23, 2016, the defendant, during his deposition, disclosed 10 digital photographs of his vehicle taken 10 days after the accident. On March 3, 2016, the defendant served on the plaintiff copies of certain postaccident photographs, including the defendant's 10 digital photographs, and the transcript of an interview of the plaintiff by the defendant's insurer. In July 2016, the plaintiff moved, in effect, pursuant to CPLR 3126 to preclude the defendant from introducing into evidence at trial copies of the postaccident photographs and the transcript of the plaintiff's interview on the ground that these items had not been timely disclosed. The court denied the plaintiff's motion.

The nature and degree of a penalty to be imposed on a motion pursuant to CPLR 3126 is a matter generally left to the discretion of the Supreme Court (see *Pesce v Fernandez*, 144 AD3d 653, 654 [2016]; *Krause v Lobacz*, 131 AD3d 1128, 1128-1129 [2015]; *Kanic Realty Assoc., Inc. v Suffolk County Water Auth.*, 130 AD3d 876, 877 [2015]). Before a court invokes the drastic remedy of precluding evidence, there must be a clear showing that the failure to comply with discovery demands or court-ordered discovery was willful and contumacious (see *Brinson v Pod*, 129 AD3d 1005, 1009 [2015]; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d 201, 210 [2012]; *Zakhidov v*

*Boulevard Tenants Corp.*, 96 AD3d 737, 739 [2012]). Willful and contumacious conduct may be inferred from a party's repeated failure to comply with court-ordered discovery, coupled with inadequate explanations for the failures to comply, or a failure to comply with court-ordered discovery over an extended period of time (*see Brinson v Pod*, 129 AD3d at 1009; *Arpino v F.J.F. & Sons Elec. Co., Inc.*, 102 AD3d at 210; *Orgel v Stewart Tit. Ins. Co.*, 91 AD3d 922, 924 [2012]).

Here, the plaintiff failed to demonstrate that the defendant's delay in producing the transcript and postaccident photographs was willful and contumacious (*see Pesce v Fernandez*, 144 AD3d at 654; *Kanic Realty Assoc., Inc. v Suffolk County Water Auth.*, 130 AD3d at 877; *Campbell v New York City Tr. Auth.*, 109 AD3d 455, 456 [2013]). Accordingly, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to preclude the defendant from introducing into evidence at trial the transcript of the plaintiff's interview and copies of the subject postaccident photographs. Mastro, J.P., Balkin, Sgroi and Duffy, JJ., concur.