Noy v Noy (2018 NY Slip Op 02639)





Noy v Noy


2018 NY Slip Op 02639


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-05553
 (Index No. 201724/14)

[*1]Sharon Noy, respondent, 
v
Isaac Noy, appellant.


Barket Epstein & Kearon, LLP, Garden City, NY (Elaine Jackson Stack of counsel), for appellant.
Sager Gellerman Eisner LLP, Forest Hills, NY (Alyssa Eisner of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), dated March 2, 2016. The order denied the defendant's motion for a protective order pursuant to CPLR 3103(a), in effect, to stay disclosure of financial information unless a proposed confidentiality agreement relating to financial information obtained in discovery is signed.
ORDERED that the order is affirmed, with costs.
After the plaintiff commenced this action for a divorce and ancillary relief, the defendant moved for a protective order pursuant to CPLR 3103(a), in effect, to stay disclosure of financial information unless a proposed confidentiality agreement relating to financial information obtained in discovery is signed. In an order dated March 2, 2016, the Supreme Court denied the motion. The defendant appeals.
Pursuant to CPLR 3103(a), a court may issue a protective order denying, limiting, conditioning, or regulating the use of disclosure devices upon a showing that unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to the parties or others can be prevented by the issuance of such an order. " The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court and, absent an improvident exercise of that discretion, its determination will not be disturbed'" (Spodek [*2]v Neiss, 70 AD3d 810, 810, quoting Mattocks v White Motor Corp., 258 AD2d 628, 629; see Kaplan v Herbstein, 175 AD2d 200).
Here, the defendant failed to demonstrate unreasonable annoyance, embarrassment, disadvantage, or prejudice to warrant the issuance of a protective order pertaining to the parties' disclosure of financial information (see CPLR 3103[a]; see generally Cascardo v Cascardo, 136 AD3d 729, 730). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's motion.
The defendant's remaining contention is improperly raised for the first time on appeal and, therefore, is not properly before this Court.
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court