Gafarova v Yale Realty, LLC (2019 NY Slip Op 05960)





Gafarova v Yale Realty, LLC


2019 NY Slip Op 05960


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2018-04109
 (Index No. 506424/13)

[*1]Sayora Gafarova, appellant,
v
Yale Realty, LLC, et al., respondents.


William Pager, Brooklyn, NY, for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Amanda M. Rubildo of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin Schneier, J.H.O), dated February 14, 2018. The order granted that branch of the defendants' motion which was pursuant to CPLR 3126 to preclude the plaintiff from offering any evidence of damages.
ORDERED that the order is affirmed, with costs.
In 2013, the plaintiff commenced this action to recover damages for personal injuries. On or about January 11, 2018, the defendants made their third motion pursuant to CPLR 3126 to dismiss the complaint or preclude the plaintiff from submitting evidence, based on the plaintiff's failure to provide discovery and appear for a medical examination, or alternatively, to compel the plaintiff to provide discovery and appear for a medical examination. The Supreme Court granted that branch of the defendants' motion which was to preclude the plaintiff from offering any evidence of damages. The plaintiff appeals.
Willful and contumacious conduct may be inferred from a party's repeated failure to respond to discovery demands or comply with court-ordered discovery, coupled with an inadequate explanation for these failures, or the failure to comply over an extended period of time with court-ordered discovery (see Williams v Suttle, 168 AD3d 792; Candela v Kantor, 154 AD3d 733, 734). "Absent an improvident exercise of discretion, the determination to impose sanctions for conduct that frustrates the purpose of the CPLR should not be disturbed" (Williams v Suttle, 168 AD3d at 793; see Corex-SPA v Janel Group of N.Y., Inc., 156 AD3d 599, 601).
We agree with the Supreme Court's determination that the plaintiff's repeated failures to comply with the defendants' discovery demands and court-ordered discovery were willful and contumacious and that the penalty of preclusion was warranted (see Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 212-213; see also Williams v Suttle, 168 AD3d 792). The plaintiff repeatedly failed to schedule and appear for a medical examination and to respond to a discovery demand dated December 16, 2016, in violation of the court's order and without a reasonable excuse (see Rosenblatt v Franklin Hosp. Med. Ctr., 165 AD3d 862, 862-863; Montemurro v Memorial [*2]Sloan-Kettering Cancer Ctr., 94 AD3d 1066, 1067). The plaintiff's contention that she was unable to comply with the defendants' notice of designation of physicians to perform a medical examination because the notice did not specify a date for the medical examination is unavailing, as the plaintiff, who had relocated out of state, had agreed to and had been directed to provide dates on which she would be available to come to New York for a medical examination but never provided any such dates.
The plaintiff's remaining contentions are without merit.
MASTRO, J.P., MALTESE, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court