Reda v Port Auth. of N.Y. & N.J. (2020 NY Slip Op 07113)





Reda v Port Auth. of N.Y. & N.J.


2020 NY Slip Op 07113


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOSEPH J. MALTESE, J.P.
MARK C. DILLON
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY, JJ.


2019-04291
 (Index No. 3051/16)

[*1]Pamela Reda, etc., respondent, 
v
Port Authority of New York and New Jersey, et al., appellants.


London Fischer LLP, New York, NY (Brian A. Kalman, Anthony F. Tagliagambe, Shorav Kaushik, and Gerber Ciano Kelly Brady LLP [Brendan T. Fitzpatrick], of counsel), for appellants.
Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (David M. Schwarz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for wrongful death, the defendants appeal from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated February 4, 2019. The order granted the plaintiff's motion to quash subpoenas ad testificandum served upon nonparties.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion to quash subpoenas ad testificandum served upon nonparties is denied.
In this action to recover damages for wrongful death, the plaintiff moved to quash subpoenas seeking to take depositions of the decedent's treating physicians, who are nonparties to the action, and who have not been identified as witnesses whom the plaintiff intends to call as experts at trial. The Supreme Court granted the motion, determining that the defendants failed to establish that special circumstances existed to warrant the depositions. The defendants appeal.
CPLR 3101(a)(4), concerning disclosure from nonparties to the action, is applicable here. Under that statute, the party who served the subpoena has an initial minimal obligation to show that the nonparty was apprised of the circumstances or reasons that the disclosure is sought, and once that is satisfied, it is then the burden of the person resisting the subpoena to establish the inevitability or obviousness of the futility of the process to uncover anything legitimate or that the information sought is utterly irrelevant to any proper inquiry (see Matter of Kapon v Koch, 23 NY3d 32, 38-39).
In this case, the defendants established that they provided the subpoenaed nonparty treating physicians with adequate notice of the circumstances or reasons requiring the disclosure, shifting the burden to the plaintiff to establish that the disclosure sought was irrelevant to the action, which the plaintiff failed to sustain (see Bianchi v Galstar Mgt. Corp., 131 AD3d 558).
Accordingly, the Supreme Court should have denied the plaintiff's motion to quash the subpoenas.
MALTESE, J.P., DILLON, LEVENTHAL and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court