Nunez v Peikarian (2022 NY Slip Op 04969)

Nunez v Peikarian

2022 NY Slip Op 04969

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.

2020-08566
 (Index No. 612365/18)

[*1]Jose Nunez, appellant, 
v
Behzad Peikarian, et al., defendants; Mehrnaz Bijari, nonparty-respondent (and a third-party action).

The Orlow Firm, Flushing, NY (Thomas P. Murphy of counsel), for appellant.
Wade Clark Mulcahy LLP, New York, NY (Robert J. Cosgrove of counsel), for defendants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered November 2, 2020. The order granted the motion of nonparty Mehrnaz Bijari to quash a subpoena served upon her by the plaintiff and for a protective order with regard to that subpoena.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the motion of nonparty Mehrnaz Bijari to quash a subpoena served upon her by the plaintiff and for a protective order with regard to that subpoena is denied.
On October 13, 2016, the plaintiff allegedly sustained personal injuries while performing construction work on real property located in Great Neck. Thereafter, the plaintiff commenced this action against the defendants, the owners of the property, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). In an answer dated November 19, 2018, the defendants asserted multiple affirmative defenses, including the applicability of the homeowner's exemption to Labor Law §§ 240(1) and 241(6).
Following the defendants' depositions, the plaintiff served a subpoena on nonparty Mehrnaz Bijari, a real estate agent, made returnable on March 17, 2020 (hereinafter the subpoena). Specifically, the plaintiff sought to depose Bijari regarding her role in listing the property for sale. Bijari moved to quash the subpoena and for a protective order with regard to the subpoena. The Supreme Court granted Bijari's motion. The plaintiff appeals.
CPLR 3101(a)(4), concerning disclosure from nonparties to an action, provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: . . . any other person, upon notice stating the circumstances or reasons such disclosure is sought or required" (see Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407; Troffa v Troffa, 192 AD3d 718, 719). Under that statute, the party who served the subpoena has an initial minimal obligation to show that the nonparty was apprised of the circumstances or reasons that the disclosure is sought (see Matter of Kapon v Koch, 23 NY3d 32, 34; Reda v Port Auth. of N.Y. & N.J., 188 AD3d 1278, 1279). Once that is satisfied, it is then the burden of the person moving to quash a subpoena to establish either that the requested disclosure "is [*2]utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious" (Matter of Kapon v Koch, 23 NY3d at 34 [internal quotation marks omitted]; see Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 331-332; Lima v Ancona, 192 AD3d 1093, 1094; Reda v Port Auth. of N.Y. & N.J., 188 AD3d at 1279; see also CPLR 2304).
Here, the plaintiff established that he provided Bijari with adequate notice of the circumstances or reason requiring the disclosure, shifting the burden to Bijari to establish that the disclosure sought was irrelevant to the action. Bijari failed to sustain that burden (see Reda v Port Auth. of N.Y. & N.J., 188 AD3d at 1279). Bijari's listing of the property for sale is relevant to the defendants' intent at the time of the plaintiff's accident with regard to the property and the applicability of the homeowner's exemption (see Batzin v Ferrone, 140 AD3d 1102, 1103-1104; Morgan v Rosselli, 23 AD3d 356, 357). Accordingly, the Supreme Court should have denied that branch of Bijari's motion which was to quash the subpoena.
Further, the Supreme Court improvidently exercised its discretion in granting that branch of Bijari's motion which was for a protective order with regard to the subpoena. For a protective order to be issued, the party seeking such an order must make a "factual showing of 'unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice'" (Hartheimer v Clipper, 288 AD2d 263, 263, quoting CPLR 3103[a]; see C.B. v Park Ave. Pub. Sch., 172 AD3d 980, 981; Cascardo v Cascardo, 136 AD3d 729). "'Trial courts are vested with broad discretion to issue appropriate protective orders to limit discovery. . . . [T]his discretion is to be exercised with the competing interests of the parties and the truth-finding goal of the discovery process in mind'" (Cascardo v Cascardo, 136 AD3d at 729-730, quoting Brignola v Pei-Fei Lee, M.D., P.C., 192 AD2d 1008, 1009). Here, Bijari failed to make the requisite showing pursuant to CPLR 3103(a) to warrant the issuance of a protective order with regard to the subpoena.
In light of our determination, we need not reach the plaintiff's remaining contention.
BARROS, J.P., RIVERA, CHAMBERS and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court