Gonzalo v Fragomeni (2023 NY Slip Op 05491)

Gonzalo v Fragomeni

2023 NY Slip Op 05491

Decided on November 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2022-00050
 (Index No. 151862/20)

[*1]Brittany Gonzalo, respondent,
v
Francesco Fragomeni, appellant.

Karen L. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Subin Associates, LLP, New York, NY (Lee M. Huttner and Pollack, Pollack, Isaac & DeCicco, LLP [Brian J. Isaac and Kelly A. Breslauer], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Ralph J. Porzio, J.), dated December 10, 2021. The order granted that branch of the plaintiff's motion which was pursuant to CPLR 3103(a) for a protective order precluding the defendant from compelling her to appear for a physical examination by a neurologist and denied that branch of the defendant's cross-motion which was to compel the plaintiff to appear for a physical examination by a neurologist in New York City.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, that branch of the plaintiff's motion which was pursuant to CPLR 3103(a) for a protective order precluding the defendant from compelling her to appear for a physical examination by a neurologist is denied, and that branch of the defendant's cross-motion which was to compel the plaintiff to appear for a physical examination by a neurologist in New York City is granted.
The plaintiff, a resident of Texas, commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident that occurred on Staten Island. Among other injuries, the plaintiff alleged certain neurological conditions resulting from the accident, including daily "[p]ost traumatic headaches," visual disturbances, and loss of balance. The defendant served notices for the plaintiff to appear for orthopedic and neurological examinations in New York City, to which the plaintiff did not object. Although the orthopedic examination was completed as scheduled, the plaintiff arrived early for the neurological examination appointment only to discover that the doctor had cancelled the appointment.
Based upon this cancellation, the plaintiff moved, inter alia, pursuant to CPLR 3103(a) for a protective order precluding the defendant from compelling her to appear for a physical examination by a neurologist. The defendant opposed the motion and cross-moved, among other things, to compel the plaintiff to appear for a physical examination by a neurologist in New York City. By order dated December 10, 2021, the Supreme Court denied that branch of the defendant's cross-motion, and granted that branch of the plaintiff's motion which sought a protective order. The defendant appeals.
CPLR 3103(a) permits a court to "make a protective order denying, limiting, conditioning or regulating the use of any disclosure device" so as "to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts." [*2]In determining whether to issue a protective order, the court must balance the "competing interests of the parties and the truth-finding goal of the discovery process" (Nunez v Peikarian, 208 AD3d 670, 671 [internal quotation marks omitted]; Cascardo v Cascardo, 136 AD3d 729, 729-730). While the Supreme Court has broad discretion in supervising disclosure, the Appellate Division may substitute its own discretion for that of the trial court in such matters (see Lopez v Maggies Paratransit Corp., 210 AD3d 1066, 1067).
Here, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiff's motion which was for a protective order because the plaintiff failed to make the requisite "factual showing of 'unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice'" (Hartheimer v Clipper, 288 AD2d 263, 263, quoting CPLR 3103[a]; see Nunez v Peikarian, 208 AD3d at 671). The plaintiff failed to provide an affidavit or any other evidence demonstrating that compelling her to appear for a rescheduled neurological examination in New York City would be unreasonable or an undue hardship (see Foley v Haffmeister, 156 AD2d 541, 542-543; see also Platman v Pham Thu Duc, 191 AD2d 620, 620-621). Instead, the plaintiff's motion "was supported solely by an attorney's affirmation containing only conclusory allegations of hardship" (Boylin v Eagle Telephonics, 130 AD2d 538, 538). Contrary to the plaintiff's contention, the mere fact that the doctor cancelled her appointment was not a sufficient reason to preclude a neurological examination to which the defendant was otherwise, undisputedly, entitled (see CPLR 3121[a]).
Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was pursuant to CPLR 3103(a) for a protective order precluding the defendant from compelling her to appear for a physical examination by a neurologist, and granted that branch of the defendant's cross-motion which was to compel the plaintiff to appear for a physical examination by a neurologist in New York City.
DILLON, J.P., IANNACCI, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court