## Novum Energy Trading Inc. v Transmontaigne Operating Co. L.P.

2024 NY Slip Op 33524(U)

September 26, 2024

Supreme Court, New York County

Docket Number: Index No. 655283/2023

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  COMMERCIAL DIVISION PART 49M

------------------------------------------------------------------------X

NOVUM ENERGY TRADING INC.,

Plaintiff,

- V -

TRANSMONTAIGNE OPERATING COMPANY L.P.,

Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 655283/2023 |
| **MOTION DATE** | 07/11/2024 |
| **MOTION SEQ. NO.** | MS 005 |

**DECISION + ORDER ON MOTION**

HON. MARGARET A. CHAN:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 60, 61, 62, 63, 64, 70, 71, 72, 73, 85

were read on this motion to/for                    DISCOVERY                    .

In this contract dispute action regarding the effect of an amendment on the term of the contract, plaintiff Novum Energy Trading, Inc. (Novum or "plaintiff") moves for a protective order striking defendant TransMontaigne Operating Company LP (TransMontaigne or "defendant")'s First Notice to Admit dated June 19, 2024 (NYSCEF # 62). Defendant opposes.[1]

Defendant's First Notice to Admit (NYSCEF # 62) seeks the following admissions:

REQUEST FOR ADMISSION NO. 1.

The Service Term of the TSA [Terminaling Services Agreement] is only mentioned once in Section 4 of Attachment A to the TSA.

REQUEST FOR ADMISSION NO. 2.

You [Novum] and TransMontaigne executed the Second Amendment [to the TSA] on December 31, 2019.

REQUEST FOR ADMISSION NO. 3.

---

[1] The parties also purport to dispute whether this motion was procedurally proper under the Commercial Division Rules, but in actuality do little more than ask this court to referee their email discussions. The court rejects this invitation. The parties are reminded that they are expect "to proceed cooperatively and professionally during discovery, with an emphasis on efficiency, practicality, and proportionality" (Part 49 Rule VI.A., https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/Practices-Part-49.pdf).

655283/2023   NOVUM ENERGY TRADING INC., vs. TRANSMONTAIGNE OPERATING COMPANY L.P.,
Motion No.  005

Page 1 of 4

The Second Amendment does not list a Service Term.

REQUEST FOR ADMISSION NO. 4.

The only modification to the TSA via the Second Amendment was the addition of the fourth tank, Tank 8110.

REQUEST FOR ADMISSION NO. 5.

Tank 8110 was the last of the Tanks put into service under the TSA.

REQUEST FOR ADMISSION NO. 6.

Tank 8110 was declared in-service on January 18, 2021.

REQUEST FOR ADMISSION NO. 7.

No provision in the TSA or Second Amendment establishes two Service Terms.

REQUEST FOR ADMISSION NO. 8.

Novum relied on TransMontaigne to calculate the termination date of the TSA.

CPLR 3103(a) "permits a court to issue a protective order 'denying, limiting, conditioning or regulating the use of any disclosure device' where necessary 'to prevent unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts' " (*Liberty Petroleum Realty, LLC v Gulf Oil, L.P.*, 164 AD3d 401, 403 [1st Dept 2018]). Such a protective order can be issued "at any time on [the court's] own initiative, or on motion of any party . . . from whom or about whom discovery is sought" (CPLR 3103[a]). "Trial courts are vested with broad discretion to issue appropriate protective orders to limit discovery. . . . [T]his discretion is to be exercised with the competing interests of the parties and the truth-finding goal of the discovery process in mind" (*Nunez v Peikarian*, 208 AD3d 670, 671 [2d Dept 2022]). Notices to Admit are included within the disclosure devices contemplated by CPLR 3103(a).

CPLR 3123 permits requests for admissions "... as to the truth of matters of fact set forth in the request, as to which the party requesting admission reasonably believes there can be no substantial dispute at trial and which are in the knowledge of the other party or can be ascertained by him upon reasonably inquiry" (CPLR 3123 [a]).

Notices to Admit are intended "to crystallize issues for trial and to eliminate from trial those that are easily provable or not really in dispute," and not to obtain information in lieu of other disclosure devices (*Hodes v City of New York,* 165 AD2d 168, 170 [1st Dept 1991]; *see also Fetahu v New Jersey Tr. Corp.*, 167 AD3d 514, 515 [1st Dept 2018]). For instance, "the notice to admit cannot be utilized to seek admissions of material issues or ultimate or conclusory facts, interpretations of law, questions already admitted in responsive pleadings, or questions clearly irrelevant to the case" (*Villa v New York City Hous. Auth.*, 107 AD2d 619, 619-20 [1st Dept 1985]). Nor can the notice to admit be used to seek information which would not reasonably be expected to be within the personal knowledge of the party served (*Vasquez v Vengroff*, 295 AD2d 421, 422 [2d Dept 2002]).

**655283/2023   NOVUM ENERGY TRADING INC., vs. TRANSMONTAIGNE OPERATING COMPANY          Page 2 of 4**
**L.P.,**
**Motion No.  005**

All but one of the requests are improper.

The ultimate issue in this case is whether the Second Amendment merely added an extra tank or if it instead extended the Service Term for all four tanks, and thus Requests 4 and 7 are obviously improper. Request 1 is improper for the same reason. While there is a reading of Request 1 that could merely be asking how many times the words "Service Term" appear in Section 4 of Attachment A, it can also easily be read to ask for an admission that no other part of the TSA elucidates or has any bearing on the Service Term. Given that the Service Term is the fundamental issue in this case, Requests 1, 4, and 7 are all improper.[2]

Request 5 is similarly improper. The request initially appears benign—"last of the Tanks put into service" seems like a clear-cut question of fact about chronology. In context, however, the request gets at the "material issues" in the case (*see Villa*, 107 AD2d at 619-20). The ultimate question is whether the Second Amendment impliedly modified the "Service Term" and, more specifically, the "Final In-Service Date" (*see* NYSCEF # 42, Decision and Order on Motion to Dismiss, at 7). The TSA defines the Final In-Service Date as "the first day of the Month following written notice from [defendant] to [plaintiff] that the *last of the Tanks* that is planned for construction in Section 6(A) of Attachment A is ready" for plaintiff's use (NYSCEF # 3, TSA, at Section 4 of Attachment A [italics added, underline in original]). Thus, by using the specific phrasing "*last of the Tanks* put into service," Request 5 cuts directly to the heart of the case and asks for a legal conclusion about a term in the contract. Request 5 is improper.

Request 2 is improper because defendant cannot "reasonably believe" that there is no "substantial dispute" that the parties both executed the Second Amendment on December 31, 2019 (*see* CPLR 3123[a]). As plaintiff points out, the Second Amendment itself clearly shows that defendant signed on January 2, 2020, a different date (*see* NYSCEF # 5, Second Amendment, at 4). It does not matter that the complaint alleged December 31, 2019—the contradictory evidence in the document itself clearly defeats this request (*see Fetahu*, 167 AD3d at 515 [plaintiff could not have "reasonably believed" there was no "substantial dispute" given testimony of defendant's witness contradicting the requested admission]).

Request 6 is improper for three reasons. First, the in-service dates of the tanks are material issues of fact, as discussed above. Second, determining the date that Tank 8110 was "declared in-service" requires a legal conclusion about both the definition of "in-service" and what counts as a "declaration" in this instance (*Fetahu*, 167 AD3d at 515-516 [notice to admit cannot ask for legal conclusions]). Third and finally, the date that Tank 8110 was "declared" anything is arguably uniquely within defendant's knowledge, not plaintiff's, as defendant controls the Tank (*see id.* [requests "improper insofar as it seeks information 'within the unique knowledge of other parties'"]).

Request 8 is also improper. While it is unclear whether Request 8 is proper on its face, it is clearly improper in context: Defendant provides no explanation for its propriety except that "it seeks an admission from Novum, which is the only party with knowledge as

---

[2] Moreover, the request seems to be contradicted by the clear text of the TSA: a quick skim of a PDF-searchable version shows that the phrase "Service Term" appears 19 times in the contract, 6 of which are in Section 4 of Attachment A (*see* NYSCEF # 3, TSA).

to its calculations regarding the termination dates in the TSA" (NYSCEF # 70, Def's Opp, at 8). The implication is that defendant is using Request 8 to "obtain information in lieu of other disclosure devices," which is not a proper use of a request for admission (*Fetahu*, 167 AD3d at 515).

The only request that is not improper is Request 3. While the Service Term itself is at the heart of the issues in this case, it is precisely *because* the Second Amendment does not "list" a Service Term that there is an issue to begin with (*see id.* at 516 [request "should not have been struck because it is essentially undeniable based on prior testimony in this litigation"]). Moreover, the absence of a Service Term can be easily proved by a quick skim of the Second Amendment (*id.* at 515 [requests to admit "only properly used to eliminate from trial matters which are easily provable and about which there can be no controversy"]).

Accordingly, it is

ORDERED that plaintiff's motion for a protective order to strike defendant's June 18, 2024 First Notice to Admit is denied in part as to Request 3 and granted in part as to the remaining requests. Plaintiff does not need to reply to Requests 1, 2, 4–8 in defendant's June 18, 2024 First Notice to Admit; it is further

ORDERED that defendant's June 18, 2024 First Notice to Admit (NYSCEF # 62) be stricken in its entirety; it is further

ORDERED that plaintiff serve notice of entry on defendant via NYSCEF within five (5) days.

This constitutes the Decision and Order of the court.

| | |
|---|---|
| **0/926/2024**<br>**DATE** | **MARGARET A. CHAN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655283/2023   NOVUM ENERGY TRADING INC., vs. TRANSMONTAIGNE OPERATING COMPANY L.P.,**
**Motion No.  005**

**Page 4 of 4**

4 of 4