G.B. v Equinox Holdings, Inc. (2025 NY Slip Op 04452)

G.B. v Equinox Holdings, Inc.

2025 NY Slip Op 04452

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
DONNA-MARIE E. GOLIA, JJ.

2023-06200
 (Index No. 2245/18)

[*1]G.B., etc., et al., appellants, 
v
Equinox Holdings, Inc., etc., et al., respondents, et al., defendants.

Held & Hines, LLP, Brooklyn, NY (Uri Nazryan of counsel), for appellants.
LaRocca, Hornik, Greenberg, Kittredge, Carlin & McPartland LLP, New York, NY (David N. Kittredge, John L. Garcia, and Sanford Hausler of counsel), for respondents.

DECISION & ORDER
In a putative class action, inter alia, to recover damages for negligence and assault, the plaintiffs appeal from an order of the Supreme Court, Kings County (Rachel E. Freier, J.), dated April 14, 2023. The order, insofar as appealed from, granted that branch of the non-fictitiously named defendants' motion which was pursuant to CPLR 3103 for an order precluding the plaintiffs' counsel from communicating with any former employees of Equinox Fitness Club without advising them that their interests are, or are reasonably likely to become, adverse to counsel's clients' interests and recommending that the former employees retain counsel before continuing the discussion.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, and that branch of the non-fictitiously named defendants' motion which was pursuant to CPLR 3103 for an order precluding the plaintiffs' counsel from communicating with any former employees of Equinox Fitness Club without advising them that their interests are, or are reasonably likely to become, adverse to counsel's clients' interests and recommending that the former employees retain counsel before continuing the discussion is denied.
The plaintiffs, male members and male guests of members of Equinox Fitness Club (hereinafter Equinox) locations in New York, commenced this putative class action, among other things, to recover damages for negligence and assault, alleging that they had been victims of, inter alia, sexual harassment and/or sexual assault at Equinox facilities. On or about December 29, 2022, Held & Hines, LLP (hereinafter the Held firm), a law firm representing the plaintiffs, sent letters to a number of former Equinox employees (hereinafter the subject letter), seeking information about allegations of sexual assault that occurred "in the steam rooms at various Equinox gyms across New York State."
Thereafter, the non-fictitiously named defendants (hereinafter collectively the defendants) moved, inter alia, pursuant to CPLR 3103 for an order "precluding Plaintiffs' counsel from communicating with any former employees of Equinox without advising them that their interests are, or are reasonably likely to become, adverse to counsel's clients, and recommending that the former employees retain counsel before continuing the discussion." The defendants asserted that at least two recipients of the subject letter had been represented by counsel for the defendants in [*2]connection with a related action, which was still pending in the Supreme Court, New York County. The plaintiffs opposed the defendants' motion.
In an order dated April 14, 2023, the Supreme Court, inter alia, granted that branch of the defendants' motion. The plaintiffs appeal.
"The supervision of discovery is generally left to the trial court's broad discretion" (D'Alessandro v Nassau Health Care Corp., 137 AD3d 1195, 1196 [alteration and internal quotation marks omitted]). "The Supreme Court's discretion is broad because it is familiar with the action before it, and its exercise should not be disturbed on appeal unless it was improvidently exercised" (Hamed v Alas Realty Corp., 209 AD3d 628, 629 [internal quotation marks omitted]; cf. Siegel v Snyder, 202 AD3d 125, 130).
"New York's liberal discovery policy, generally governed by CPLR 3101(a), broadly mandates full disclosure of all matter material and necessary in the prosecution or defense of an action" (Siegel v Snyder, 202 AD3d at 130 [internal quotation marks omitted]). Nonetheless, "[t]he court may at any time on its own initiative, or on motion of any party or of any person from whom or about whom discovery is sought, make a protective order denying, limiting, conditioning or regulating the use of any disclosure device" (CPLR 3103[a]). For a protective order to be issued, the party seeking such an order generally must make a "factual showing of 'unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice'" (Hartheimer v Clipper, 288 AD2d 263, 263, quoting CPLR 3103[a]; see Nunez v Peikarian, 208 AD3d 670, 671). Relatedly, "the Supreme Court may issue a protective order precluding disclosure that is palpably improper in that it seeks irrelevant and/or confidential information, or is overly broad and burdensome" (Kopelevich & Feldsherova, P.C. v Geller Law Group, P.C., 222 AD3d 956, 958 [internal quotation marks omitted]). Although "[t]rial courts are vested with broad discretion to issue appropriate protective orders to limit discovery," that "discretion is to be exercised with the competing interests of the parties and the truth-finding goal of the discovery process in mind" (Nunez v Peikarian, 208 AD3d at 671 [internal quotation marks omitted]).
Here, the Supreme Court improvidently exercised its discretion in granting that branch of the defendants' motion which was pursuant to CPLR 3103 for an order precluding the plaintiffs' counsel from communicating with any former employees of Equinox without advising them that their interests are, or are reasonably likely to become, adverse to counsel's clients' interests and recommending that the former employees retain counsel before continuing the discussion. The defendants failed to make the requisite showing pursuant to CPLR 3103(a) to warrant the issuance of a protective order (see Gonzalo v Fragomeni, 221 AD3d 586, 587; Nunez v Peikarian, 208 AD3d at 672; Hartheimer v Clipper, 288 AD2d 263). The defendants' allegations of prejudice in the absence of a protective order were both conclusory and speculative (see Gonzalo v Fragomeni, 221 AD3d at 587; cf. Bennett v State Farm Fire & Cas. Co., 181 AD3d 774, 776). Moreover, contrary to the defendants' assertions, there is no evidence in the record that suggests that the Held firm actually communicated with a represented party or person, and neither the substance nor the spirit of the subject letter in itself violated any of the referenced provisions of the Rules of Professional Conduct (see 22 NYCRR 1200.0).
In light of the foregoing, we need not reach the plaintiffs' remaining contention.
BARROS, J.P., GENOVESI, TAYLOR and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court