Frenkel v 532 Neptune Residential, LLC (2025 NY Slip Op 04551)

Frenkel v 532 Neptune Residential, LLC

2025 NY Slip Op 04551

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JAMES P. MCCORMACK, JJ.

2024-03336
 (Index No. 526052/21)

[*1]Lucy Frenkel, respondent, 
v
532 Neptune Residential, LLC, appellant.

Margaret G. Klein (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Ross S. Friscia], of counsel), for appellant.
Law Office of Yuriy Prakhin, P.C., Brooklyn, NY, for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Pamela L. Fisher, J.), dated February 8, 2024. The order granted that branch of the plaintiff's motion which was to quash a subpoena served by the defendant.
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and that branch of the plaintiff's motion which was to quash a subpoena served by the defendant is denied.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained after she tripped and fell in a parking lot owned by the defendant. Following the plaintiff's deposition, the defendant served a subpoena on nonparty Alyssa Marie Cocchiara. The defendant intended to question Cocchiara about an entry she made in the plaintiff's medical record reciting a statement by the plaintiff as to how the accident occurred. The plaintiff moved, inter alia, to quash the subpoena. In an order dated February 8, 2024, the Supreme Court granted that branch of the plaintiff's motion.
Pursuant to CPLR 3101(a), a party may obtain discovery from a nonparty of "matter material and necessary in the prosecution or defense of an action," as long as the nonparty is apprised of the reasons such disclosure is sought (see Elavon, Inc. v Meyer, 203 AD3d 1030, 1031). "A party or nonparty moving to quash a subpoena has the initial burden of establishing either that the requested disclosure 'is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious'" (Hudson City Sav. Bank v 59 Sands Point, LLC, 153 AD3d 611, 612-613, quoting Matter of Kapon v Koch, 23 NY3d 32, 34; see U.S. Bank Trust, N.A. v Carter, 204 AD3d 727, 729).
Here, it is undisputed that the defendant satisfied the notice requirement. Therefore, the burden was on the plaintiff "to establish that [she] was entitled to prevail on the motion to quash" (Matter of Kapon v Koch, 23 NY3d at 39; see Nunez v Peikarian, 208 AD3d 670, 671). The plaintiff's argument that Cocchiara's testimony would be inadmissible at trial because the medical hospital entry was hearsay did not establish that said testimony would be "utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious" [*2](Matter of Kapon v Koch, 23 NY3d at 34 [internal quotation marks omitted]).
Because the plaintiff failed to sustain that burden, the Supreme Court should have denied that branch of her motion which was to quash the subpoena (see 8206 N. Blvd, LLC v Ai Qiu Qu, 232 AD3d 833, 834-835; Nunez v Peikarian, 208 AD3d at 671).
The plaintiff's remaining contentions are either improperly raised for the first time on appeal or without merit.
GENOVESI, J.P., BRATHWAITE NELSON, WARHIT and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court