Dorman v Luva of NY, LLC (2025 NY Slip Op 06155)

Dorman v Luva of NY, LLC

2025 NY Slip Op 06155

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2024-04637
2024-04640
 (Index No. 520154/20)

[*1]Jonathan Dorman, et al., appellants,
v
Luva of NY, LLC, et al., respondents, et al., defendants (and a third-party action).

Beys Liston & Mobargha LLP, New York, NY (Nader Mobargha and Alison S. Moss of counsel), for appellants.
Felipe Orner, Flushing, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated January 28, 2024, and (2) an order of the same court dated February 7, 2024. The order dated January 28, 2024, insofar as appealed from, denied that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the answer of the defendants Luva of NY, LLC, Waldek Dec, and Andrew Pasek for failure to comply with discovery demands and spoliation of evidence. The order dated February 7, 2024, granted the motion of the defendant Luva of NY, LLC, pursuant to CPLR 2304 to quash a subpoena duces tecum served upon Polish & Slavic Federal Credit Union by the plaintiffs.
ORDERED that the order dated January 28, 2024, is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the answer of the defendants Luva of NY, LLC, Waldek Dec, and Andrew Pasek, and substituting therefor a provision granting that branch of the motion to the extent of directing that an adverse inference charge be issued at trial against those defendants with respect to the loss or destruction of their email accounts and emails; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated February 7, 2024 is affirmed, without costs or disbursements.
On or about February 6, 2018, the plaintiffs, as owners, entered into an agreement with the defendant Luva of NY, LLC (hereinafter Luva), as general contractor, regarding the renovation of a single-family residence located in Brooklyn. According to the plaintiffs, Luva performed faulty renovation work and failed to substantially complete the renovation within the agreed upon deadlines.
In October 2020, the plaintiffs commenced this action against, among others, Luva and the defendants Waldek Dec and Andrew Pasek (hereinafter collectively the defendants), inter alia, to recover damages for breach of contract. In October 2021, the plaintiffs requested that the [*2]defendants provide, among other things, emails related to the renovation. The defendants responded that the emails were not presently available, without providing further explanation. The plaintiffs also served a subpoena duces tecum (hereinafter the subpoena) upon Polish & Slavic Federal Credit Union (hereinafter the credit union), where Luva purportedly held a bank account.
Thereafter, Luva moved pursuant to CPLR 2304 to quash the subpoena. The plaintiffs moved, inter alia, pursuant to CPLR 3126 to strike the defendants' answer for failure to comply with discovery demands and spoliation of evidence. In an order dated January 28, 2024, the Supreme Court, among other things, denied that branch of the plaintiffs' motion. Meanwhile, in an order dated February 7, 2024, the court granted Luva's motion. The plaintiffs appeal.
"CPLR 3101(a)(4), concerning disclosure from nonparties to an action, provides that [t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by: . . . any other person, upon notice stating the circumstances or reasons such disclosure is sought or required" (Nunez v Peikarian, 208 AD3d 670, 670-671 [internal quotation marks omitted]; see CPLR 3101[a]; Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406). "Under that statute, the party who served the subpoena has an initial minimal obligation to show that the nonparty was apprised of the circumstances or reasons that the disclosure is sought" (Nunez v Peikarian, 208 AD3d at 671; see Matter of Kapon v Koch, 23 NY3d 32, 36; Reda v Port Auth. of N.Y. & N.J., 188 AD3d 1278, 1279). "Once that is satisfied, it is then the burden of the person moving to quash a subpoena to establish either that the requested disclosure 'is utterly irrelevant to the action or that the futility of the process to uncover anything legitimate is inevitable or obvious'" (Nunez v Peikarian, 208 AD3d at 671, quoting Matter of Kapon v Koch, 23 NY3d at 34; see Anheuser-Busch, Inc. v Abrams, 71 NY2d 327, 332; Lima v Ancona, 192 AD3d 1093, 1093; see also CPLR 2304). "Should the [movant] meet this burden, the subpoenaing party must then establish that the discovery sought is material and necessary to the prosecution or defense of [the] action" (Matter of Kapon v Koch, 23 NY3d at 34 [internal quotation marks omitted]).
Here, the plaintiffs established that they provided the credit union with adequate notice of the circumstances or reasons requiring the disclosures of the bank statements and other documents sought, shifting the burden to Luva to establish that the disclosures sought were "utterly irrelevant to the action" (id. at 34 [internal quotation marks omitted]; Nunez v Peikarian, 208 AD3d at 671). Luva sustained this burden (see Savino v Savino, 218 AD3d 508, 509). Accordingly, the Supreme Court properly granted Luna's motion pursuant to CPLR 2304 to quash the subpoena.
Further, the Supreme Court providently exercised its discretion in declining to strike the defendants' answer based upon their failure to comply with discovery demands. "[T]he Supreme Court has broad discretion in supervising disclosure and in resolving discovery disputes" (Tyson v Diallo, 238 AD3d 932, 934 [internal quotation marks omitted]; see Pizzo v Lustig, 216 AD3d 38, 44). "[B]efore imposing the drastic remedy of striking a pleading, there must be a clear showing that a party's failure to comply with discovery is willful and contumacious" (Tyson v Diallo, 238 AD3d at 934 [internal quotation marks omitted]; see 255 Butler Assoc., LLC v 255 Butler, LLC, 208 AD3d 831, 833; Candela v Kantor, 154 AD3d 733, 734). "Willful and contumacious conduct may be inferred from a party's conduct, such as by the repeated failure to comply with court-ordered discovery coupled with an inadequate explanation for the failure to comply, or a failure to comply with court-ordered discovery over an extended period of time" (Tyson v Diallo, 238 AD3d at 934 [internal quotation marks omitted]; see Farrell v Keldiyarov, 234 AD3d 933, 935; Amos v Southampton Hosp., 198 AD3d 947, 948). Here, the plaintiffs failed to sufficiently demonstrate willful and contumacious conduct on the part of the defendants in responding to the plaintiffs' discovery demands (see CPLR 3126; Farrell v Keldiyarov, 234 AD3d at 935; Candela v Kantor, 154 AD3d at 734).
However, the Supreme Court improvidently exercised its discretion in failing to impose a sanction on the defendants for spoliation of evidence. "Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126" (Gordon v Field, 234 AD3d 823, 824 [internal quotation marks omitted]; see Van DeVeerdonk v North Westchester Restorative Therapy & Nursing Ctr., 223 [*3]AD3d 702, 703; Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629). "The Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence" (Gordon v Field, 234 AD3d at 824 [internal quotation marks omitted]; see Ortega v City of New York, 9 NY3d 69, 76; Van DeVeerdonk v North Westchester Restorative Therapy & Nursing Ctr., 223 AD3d at 703). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense" (Gordon v Field, 234 AD3d at 824 [internal quotation marks omitted]; see Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547; Franco v Half Moon Riv. Club, LLC, 214 AD3d 956, 958). "'A culpable state of mind for [the] purposes of a spoliation sanction includes ordinary negligence'" (Gordon v Field, 234 AD3d at 824, quoting Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d 793, 795; see Hirschberg v Winthrop-University Hosp., 175 AD3d 556, 557). Further, "[s]triking a pleading is a drastic sanction to impose in the absence of willful or contumacious conduct and, in order to impose such a sanction, the court 'will consider the prejudice that resulted from the spoliation to determine whether such drastic relief is necessary as a matter of fundamental fairness'" (Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d at 795 [internal quotation marks omitted], quoting Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d 673, 675; see Eksarko v Associated Supermarket, 155 AD3d 826, 829). "In contrast, where the moving party has not been deprived of the ability to establish his or her case or defense, a less severe sanction is appropriate" (Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d at 795 [internal quotation marks omitted]; see Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d at 675). "[A]dverse inference charges have been found to be appropriate even in situations where the evidence has been found to have been negligently destroyed" (Eksarko v Associated Supermarket, 155 AD3d at 829 [internal quotation marks omitted]).
Here, the plaintiffs demonstrated that the defendants were on notice that they had an obligation to preserve their email accounts and emails prior to the time that they were lost or destroyed. The plaintiffs also demonstrated that the emails were lost or destroyed with a culpable state of mind and that the emails were sufficiently relevant to the litigation (see Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d at 795; SM v Plainedge Union Free Sch. Dist., 162 AD3d 814, 818; Eksarko v Associated Supermarket, 155 AD3d at 828). Nonetheless, contrary to the plaintiffs' contention, the drastic remedy of striking the defendants' answer was not warranted (see Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d at 795; Amos v Southampton Hosp., 198 AD3d at 948). Under the circumstances, the Supreme Court should have granted that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendants' answer to the extent of directing that an adverse inference charge be issued at trial against the defendants with respect to the loss or destruction of their email accounts and emails (see Dagro Assoc. II, LLC v Chevron U.S.A., Inc., 206 AD3d at 795; Squillacioti v Independent Group Home Living Program, Inc., 167 AD3d at 676).
BRATHWAITE NELSON, J.P., CHRISTOPHER, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court